DECKER v. KEDLY.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1906.)

No. 1,293.

HUSBAND AND WIFE—RIGHTS OF ACTION BETWEEN—ACTION BY WIFE FOR DAMAGES.

A wife cannot, either before or after divorce, maintain an action to re-cover damages from her husband for his failure to supply her with the necessaries of life, or for any other act or failure of duty connected with or arising from the marital relation.

In Error to the District Court of the United States for the District of Alaska, Division No. 1.

On February 7, 1905, the plaintiff in error brought an action against the defendant in error to recover damages. She alleged in her complaint that from August 22, 1902, until January 18, 1905, she and the defendant in er-ror were husband and wife; that during the whole of that time the defend-ant in error, although he was sound in body and pecuniarily able to furnish his family with the necessaries of life, willfully, wrongfully, and wantonly refused, failed, and neglected so to do; that by said willful, wrongful, and wanton acts of the defendant in error the plaintiff in error has been dam-aged in the sum of $2,071.75. She demanded judgment for said sum, and for $2,000 additional thereto as exemplary damages. The defendant in error de-murred to the complaint on the ground that it stated no cause of action. The demurrer was sustained, and judgment was entered for the defendant in er-ror. To review that judgment the plaintiff in error brings this writ of error.

E. M. Barnes, for plaintiff in error.
R. F. Lewis, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and DE HAVEN, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

This case may be disposed of in a few words. A woman sues a man for damages on the ground that the latter, during the time while he was her husband, wantonly refused to supply her with the necessaries of life. The allegations of the complaint leave it uncertain whether at the time of bringing the action the parties thereto had been divorced. It is not important to the decision of the question here involved whether there had or had not been a divorce. In either case the allegations of the complaint present no cause of action. It is true that the statutes of Alaska, as do those of many of the states, remove certain disabilities which at common law attend the wife during her coverture, and de-clare that neither the husband nor the wife shall have an interest in the property of the other, provide that should either obtain the possession of the property of the other the latter may maintain an action therefor in the same manner and to the same extent as if they were unmarried, and make further provision that neither shall be liable for the other's debts. Such statutes do not mean that the husband is answerable to the wife in damages for failure to supply her with the necessaries of life, or for any other act or failure of duty connected with or arising from the marital relation, and it has never been so held. Such a right of action, it is

enough to say, has not been conferred by the statutes of Alaska, is wholly at variance with the theory of the marital relation, and is unknown to English or American jurisprudence.

The judgment of the District Court is affirmed.