DE BRAUWERE v. DE BRAUWERE.

(Supreme Court, Appellate Division, First Department.  May 19, 1911.)

1. HUSBAND AND WIFE (§ 19*)—NECESSARIES—HUSBAND'S LIABILITY.
   Though at common law a wife could not borrow money for necessaries so as to bind her husband, the lender can enforce liability in equity.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138; Dec. Dig. § 19.*]

2. HUSBAND AND WIFE (§ 205*)—NECESSARIES—HUSBAND'S LIABILITY.
   Under Domestic Relations Law (Laws 1896, c. 272) §§ 20, 21, and section 30, as added by Laws 1902, c. 289, and amended by Laws 1905, c. 495, all re-enacted in Consol. Laws 1909, c. 14, §§ 50, 51, 60, making a wife's earnings and property her separate property, a wife has a cause of action against her husband for money furnished from her separate estate to buy necessaries for herself and children, especially where he has deserted them and has been adjudged liable to her for a stated sum weekly for support.
   [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 205.*]

Appeal from Special Term, New York County.

Action by Alice De Brauwere against Louis De Brauwere.  From an interlocutory judgment overruling a demurrer to the complaint (69 Misc. Rep. 472, 126 N. Y. Supp. 221), defendant appeals.  Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Lucius L. Gilbert, for appellant.

Thomas F. Doyle, for respondent.

INGRAHAM, P. J. The facts as alleged in the complaint upon which the plaintiff demands relief are as follows: Plaintiff and defendant were married prior to September 1, 1904. There were three children of the marriage, who on that date were all infants, the eldest becoming of age on the 12th day of December, 1906, the second becoming of age on the 2d day of December, 1909, and the third is still a minor. On or about the 1st of September, 1904, defendant without cause abandoned the plaintiff and their said children, who were then infants, and left them without any means of support, and has at no time since contributed anything towards their support except the sum of $50. Prior to September 1, 1904, plaintiff caused defendant to be arrested on the charge of abandonment, and defendant was ordered to pay the plaintiff $6 weekly, which defendant refused to do, and removed from this state to the state of New Jersey. Thereupon the plaintiff, in order to provide the necessaries of life for herself and· her children, was obliged to and did work as a seamstress and janitress and at other labor, and the money which she obtained thereby and a small inheritance which she received, amounting to the sum of $2,840, the plaintiff expended in furnishing board, maintenance, clothing, and other necessaries for herself and her three infant children, to the damage of her separate estate in the sum of $2,840, and that the said board, maintenance, clothing, and other necessaries so furnished by said plaintiff were necessary, and were of the reasonable value of that sum. Plaintiff was unable to procure necessaries for herself and children upon the credit of the defendant, as defendant had no financial credit upon which plaintiff could procure such necessaries. And plaintiff asks to recover that sum from the defendant.

[1] It is well established that, although at common law a wife could not borrow money for necessaries so as to bind the husband, yet in equity a person supplying money to the use of the wife for necessaries furnished to her would stand in the place of the person who found and provided such necessaries for the wife, and, as the persons furnishing the necessaries for the wife would be creditors of the husband, so a person lending the money to be paid to·the persons furnishing such necessaries stood in their place, and was a creditor of the husband also. Harris v. Lee, 1 Peere Wms. 482. In Jenner v.· Morris, 3 De G., F. & J. 45, this case was approved as stating the law of England. Lord Campbell, L. Ch., said:

"Nevertheless, it has been laid down from ancient times that a court of equity will allow the party who has advanced the money which was proved to have been actually employed in payment for necessities furnished to the deserted· wife to stand in the shoes of the trades people who furnished the necessaries and to have a remedy for the amount against the husband."

It follows that, as the husband was under the legal obligation to furnish necessaries for his wife and infant children (see Van Valken-

berg v. Watson, 13 Johns. 480, 7 Am. Dec. 395), a third person advancing money to furnish such necessaries "stands in the shoes of the tradespeople who furnished the necessaries and has a remedy for the amount againt the husband."

[2] The question presented in this case is, when the husband deserts the wife, and there is a legal adjudication requiring the husband to furnish the wife a sum of money for the support of herself and the infant children, and the wife from her separate estate furnishes the money necessary for the purchase of the necessariès, whether the wife will have a cause of action against the husband. Undoubtedly at common law this action could not be maintained, because the personal property of the wife and her earnings belonged to the husband. But this rule has been changed in this state by a series of enactments that were finally revised and re-enacted in the former domestic relations law (chapter 272 of the Laws of 1896). Section 20 of that act provided that property, real and personal, owned by a married woman, or thereafter owned by a woman at the time of her marriage or acquired by her, should continue to be her sole and separate property as if she were unmarried, and should not be subject to her husband's control or disposal or liable for his debts. Section 21 thereof provided that a married woman has all the rights with respect to property, real and personal, and the acquisition, use, enjoyment, and disposition thereof, and to make contracts in respect thereto with any person, including her husband, and to carry on any business, trade, or occupation, and to exercise all powers and enjoy all rights in respect thereto and in respect to her contracts, as if she were unmarried, and that all sums that might be recovered in actions or special proceedings by a married woman to recover damages to her person, estate or character should be the separate property of the wife. And section 30 of said act, as added by chapter 289 of the Laws of 1902, and amended by chapter 495 of the Laws of 1905, provided that a married woman should have a cause of action in her sole and separate right for all wages, salary, profits, compensation, or other remuneration, for which she may render work, labor, or services, or which may be derived from any trade, business, or occupation carried on by her, and her husband should have the right of action therefor, and that the presumption of law in all such cases should be that such married woman was alone entitled to any wages, salary, profit, compensation, or other remuneration for services rendered by her. And these provisions were subsequently re-enacted in the consolidated laws (chapter 19 of the Laws of 1909 [Consol. Laws 1909, c. 14]) as sections 50, 51, and 60.

The husband thus being under a legal obligation to support his wife and infant children, and having deserted them without providing for their support, he is liable for necessaries furnished for that purpose. In equity he would be liable to any one advancing the money necessary to pay the persons who had furnished such necessaries. The wages or compensation paid to the wife for services which she had rendered being her separate estate and belonging to her, I cannot see that she is in any different position from any other person who had

advanced money to perform the obligation of the husband for the support and maintenance of his wife and infant children, especially after that obligation had been judicially determined by an order requiring the defendant to furnish $6 a week for the maintenance of his wife and infant children. The plaintiff has devoted her own separate estate to the performance of the obligation which was assumed by the husband upon his marriage; and, his liability to perform that obligation having been fixed by the order of a court of competent jurisdiction, I can see no reason why the defendant should not be liable to her for the amount thus expended.

The learned justice at the Special Term has reviewed the authorities on this subject, and it is not necessary to repeat what he has said. But for the reasons here stated, and those stated by him, the judgment appealed from must be affirmed with costs, with leave to the defendant to withdraw the demurrer and to answer within 20 days upon payment of costs in this court and in the court below. All concur.