## SODOWSKY v. SODOWSKY.

No. 4504. Opinion Filed October 12, 1915.

(152 Pac. 390.)

1.  **HUSBAND AND WIFE—Support of Wife—Right of Wife to Reimbursement—Pleading.** Under the statutes of this state it is ordinarily the duty of the husband to support his wife out of his own property or by his labor, unless he has no separate property and is unable to give such support by reason of his infirmity, while she is living with him as a wife, or apart from him under such circumstances as to give her the implied authority to pledge his credit for her necessary support, without regard to whether she has separate means of support if she is so living with him, and unless she has ample separate means if she is so living apart from him.

    (a) If a husband breach his duty in this regard, and his wife, entitled to such support, involuntarily supply the same out

of her separate means, she may, under the statutes of this state, upon due demand, or when such demand would be futile. sue and recover of him in an action at law reimbursement for the amount so expended for her necessary support.

(b) In such case, no promise to repay being shown, it must appear that such expenditures were involuntarily made for articles necessary to her support at a time and under circumstances when she was entitled to pledge her husband's credit therefor. and a demurrer is properly sustained to a petition deficient in ·that it does not so allege.

(c) The foregoing. rule excludes all questions of alimony.

2.     SAME—Sums Expended for Husband—Action by Wife—Direction of Verdict—Evidence. Evidence . that a wife has paid off and discharged a debt of her husband, and has purchased property for him and allowed him to appropriate to his own use her property and money, in all to the amount of $475, is not, of itself, sufficient to exclude as matter of law the inference that the same was a gift to her husband, and to entitle the wife, upon the trial of an action against her husband therefor, to a peremptory instruction that the jury should return a verdict in her favor for the same.

(a) In such case plaintiff's request for a peremptory instruction is properly denied, and· the question as to whether a husband receiving such benefits from his wife thereby becomes her debtor. and is liable tò her in an action for the same, is properly submitted to the jury, and a verdict against her precludes her right to recover.

(Syllabus by Thacker, C.)

*Error from District Court, Kay County;*
*Wm. M. Bowles, Judge.*

Action by Dosia Sodowsky against Clarence Sodowsky. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. E. Curran,* for plaintiff in error.

*Herman S. Gurley,* for defendant in error.

Opinion by THACKER, C. · The plaintiff in error, a wife, brought this action against the defendant in error,

her husband, to recover $785.50 upon charges against him alleged, in substance, as follows:

That, defendant being indebted to plaintiff's father in the sum of $280 for two mule colts (purchased at $120), for a mare (purchased at $150), and for a sow and pigs (purchased at $10), the plaintiff paid off and discharged this indebtedness at defendant's instance and request; that, at the instance and request of defendant, plaintiff loaned him five several sums of money amounting in their aggregate to $120.50; that defendant sold and used the proceeds of a heifer and two calves, the property of plaintiff, upon an agreement to reimburse her therefor to the amount of $36.50; that plaintiff purchased and paid for a wagon and harness for the defendant upon his agreement to repay her therefor the sum of $52; that defendant made use of four hogs, the property of plaintiff, upon an agreement to pay her therefor the sum of $40; and that during their marital relation the plaintiff expended for her support the sum of $300 upon the defendant's failure and neglect to provide such support, and notwithstanding he was able to do so out of his own property and by means of his labor.

The defendant demurred to plaintiff's petition, and the trial court sustained the same as to the plaintiff's sixth and last alleged cause of action, that is, the one in which $300 is demanded as reimbursement for money spent by her in her own support, overruling the demurrer as to the other causes of action alleged. The defendant thereupon answered plaintiff's first five alleged causes of action by a general denial, and special denials of owing or being indebted to plaintiff and of the correctness of her alleged account against him. The question of defendant's liability upon the said five first alleged causes of action was, upon the evidence adduced, submitted to the jury, resulting in a verdict for the defendant. Judgment

was accordingly entered against the plaintiff, and the case is here for review upon her appeal.

Neither the plaintiff nor the defendant testified upon the trial, and the evidence in the case consists of the depositions of the plaintiff's mother and another witness in her behalf. The said testimony of plaintiff's mother was to the effect that plaintiff had paid her father the sum of $280 in discharge of defendant's indebtedness to him; and the testimony of both the witnesses was to the effect that defendant did not deny this payment when questioned about it, and admitted that, in all, he had received from the plaintiff out of her separate estate money and property, corresponding in a general way to the items charged against him, to the amount of $475. In the deposition of plaintiff's mother the following questions and answers, read to the jury, appear:

"Q. At the time that Dosia bought the wagon and harness for Clarence, did Dosia and Clarence understand that Dosia was making Clarence a present of the property, or was he to pay her for it, if you know? A. Well I don't know; but he told me that he had contracted for these things, and he expected to pay for them."

In *Wass et al. v. Tennent-Stribling Shoe Co.*, 3 Okla. 152, 41 Pac. 339, it is said in the opinion:

"The testimony, as before stated, shows that the husband received the $2,500 from the wife; but this fact alone is not sufficient to justify a court in saying that the money went to the husband as a loan. In fact, in the absence of proof, it might rather be presumed that money from the wife to the husband, or *vice versa*, should be considered as a gift, as the relation of man and wife is such that, generally speaking, each party to the marriage contract uses the property of the other with as much freedom as if it were their separate portion. * * * Under the evidence contained in the records of this case, we

think it clearly appears that, when the wife came into her inheritance, she turned the same over to her husband, possibly with the vague idea that he would return it to her at some future time, but with no definite idea, other than that generally in mind by a wife when her husband takes possession of property belonging to her separately. * * * It is true he testifies that he told her that. he would pay the money back, and that she testifies that she let him have the money with that expectation; but, notwithstanding this direct testimony, we think that the entire record would justify a finding that the relation of debor and creditor did not exist. * * *"

It will be seen that there was much stronger evidence in the case just quoted of the relation of debtor and creditor between the husband and wife than in the instant case, where there is no evidence of the wife's version, and little throwing any light upon the husband's version, of the transactions in question; and the strongest evidence that the husband regarded any of them as creating a liability is the foregoing testimony of plaintiff's mother, in respect to the wagon and harness, that the defendant told her "that he had contracted for these things and he expected to pay for them"—he did not say he had contracted with his wife for them. There is no evidence whatever that plaintiff expended any of her aforesaid money at the instance or request of the defendant, or otherwise than voluntarily; and there is likewise no evidence that she did not voluntarily permit him to appropriate to his own use that portion of her property so appropriated by him, nor any satisfactory evidence as to whether she had reciprocal benefits from him. The evidence merely proves that he received to his own use some of her money and some of her property, without other explanation as to whether the transactions in which he

did so imposed upon him a legal obligation to remimburse her therefor; and it does not necessarily exclude the inference of gift and establish the relation of debtor and creditor. If the verdict had been in her favor, this evidence would perhaps be sufficient to sustain it; but it is not of that certain and conclusive character in respect to whether he was legally bound to reimburse her as to have warranted a peremptory instruction in her favor, or to have legally precluded the jury from returning, as it did, a verdict against her, the burden of proof being upon her.

The action of the trial court in sustaining a demurrer attacking the legal sufficiency of plaintiff's petition in the sixth and last allegation of a cause of action for the aforesaid $300 expended by her in her own support presents a more serious question. Plaintiff's allegations in this regard are as follows:

"That the defendant is and at all of the time herein mentioned was the husband of the plaintiff, and able to support the plaintiff by his labor and out of his property, and undertook and agreed to do so, and has at all times failed and neglected to fulfill his said agreement, whereby plaintiff has at all times laid out and expended from her own sole and separate estate and property the sums so required for her support, and amounting in all to the sum of $300, and that thereafter, on or about the ——— day of ———, A. D. 19—, the plaintiff demanded of defendant an accounting and settlement of the said several demands, and defendant has at all times failed and refused to make settlement thereof or any thereof."

Sections 2984, 2985, 2986, 2987, 2988, 2989, 2990, 2991, 2992, and 2996, St. 1890 (sections 3351, 3352, 3353, 3354, 3355, 3356, 3357, 3358, 3359, and 3363, Rev. Laws

1910), so far as they seem pertinent to this question, read as follows:

"Sec. 2984 (3351). The husband must support himself and his wife out of his property or by his labor. The wife must support the husband when he has not deserted her, out of her separate property when he has no separate property and he is unable from infirmity to support himself.

"Sec. 2985 (3352). Except as mentioned in the preceding section, neither husband nor wife has any interest in the separate property of the other, but neither can be excluded from the other's dwelling.

"Sec. 2986 (3353). Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other as defined by the title on trusts.

"Sec. 2987 (3354). A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree in writing to an immediate separation, and may make provision for the support of either of them and of their children during such separation.

"Sec. 2988 (3355). The mutual consent of the parties is a sufficient consideration for such an agreement as is mentioned in the last section.

"Sec. 2989 (3356). A husband and wife may hold real or personal property together as joint tenants, or tenants in common. The wife may, without the consent of her husband, convey her separate property.    *    *    *

"Sec. 2990 (3357). First. Neither husband nor wife, as such, is answerable for the acts of the other. Second. The earnings of the wife are not liable for the debts of the husband, and the earnings and accumulations of the wife, and of her minor children living with her or in her

custody, while she is living separate from her husband, are the separate property of the wife. Third. The separate property of the husband is not liable for the debts of the wife contracted before the marriage. Fourth. The separate property of the wife is not liable for the debts of her husband, but is liable for her own debts, contracted before or after marriage. Fifth. No estate is allowed the husband as tenant by curtesy, upon the death of his wife, nor is any estate in dower allotted to the wife upon the death of her husband.

"Sec. 2991 (3358). If the husband neglect to make adequate provision for the support of his wife, except in the cases mentioned in the next section, any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value thereof from the husband.

"Sec. 2992 (3359). A husband abandoned by his wife is not liable for her support until she offers to return, unless she was justified by his misconduct in abandoning her; nor is he liable for her support when she is living separate from him, by agreement, unless such support is stipulated in the agreement.".

"Sec. 2996 (3363). Women shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or any natural right, she shall have the same right to appeal in her own name alone to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone: Provided, that this chapter shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law."

Section 2984 (3351), *supra,* in accord with the common law, declares in unequivocal language that:

"The husband must support himself and his wife out of his property or by his labor."

And, in view of the independent legal status and remedies vouchsafed to her in respect to her personal rights and property by the several sections of the statutes hereinbefore quoted, it appears that if he breaches his duty of support, while she is living with him as his wife, or apart from him through no fault of her own, and especially if without ample means of her own, and she involuntarily expends her own separate means in procuring articles necessary to her support, he is in duty bound to reimburse her, and she may, after due demand, or where it is evident that such demand would be futile, sue and recover judgment against him for the same.

Section 2991 (3358), *supra*, in accord with the common law, provides that:

"If the husband neglect to make adequate provision for the support of his wife,  *  *  *  any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value thereof from the husband."

None of the provisions of the statutes relating to the question of the support of the wife predicate her right and her husband's duty in regard to her support upon any question of her ability to support herself by her own labor or out of her own separate property; and we do not feel warranted in construing the statutes as limiting this duty, as it existed at common law, and imposing it upon the husband only when the wife is unable to support herself.  See 1 Bishop on Marriage, Divorce, and Separation, sec. 1184; 21 Cyc. 1151, 1152.

It will be seen that a wife, abundantly able to sup-port herself, while living with her husband as a wife, at least, may procure support at the expense of her husband, through credit extended by "any other person," under said section 2991 (3358), *supra,* "if the husband neglect to make adequate provision for the" same (see 21 Cyc. 1151, 1152, and 15 Am. & Eng. Enc. L. 875, 876) ; and, the words "any other person" being broad enough to include the wife, no reason is perceived why she may not herself extend the credit to her husband, and thus do directly what she may, without question, do indirectly through a third person as creditor of her husband. If, as just stated, the defaulting husband is in duty bound to support her, although she is able to support herself, as the statute appears in effect to declare, and she desires to fix upon him the burden of such support, she may, as already stated, do so by procuring a third person to supply her needs and exact payment therefor from her husband; and it would seem at best only specious reasoning to say that, inasmuch as the common law, which allowed her no separate means of support, did not so provide, and the statute does not specifically name her as one who may do so, she cannot herself make the necessary advances at his expense, unless, as we do not think, the policy of the law requires her to ask, or at least to receive, the favor of a third person as one of the tests of her need of the same before her husband may be charged with her support.

In 15 Am. & Eng. Enc. L. 814, it is said:

"The marriage contract imposes upon the husband the duty of supporting his wife in a way suitable to her situation and his condition in life, and a failure to perform this duty is a wrong acknowledged at common law, though there was there no personal remedy, because there the wife could not sue the husband."

In 21 Cyc. 1216, 1217, it is said:

"Should he fail to supply her with such suitable necessities, she may, while cohabitating with him, or upon his desertion of her, bind him by her contracts with third persons for such a purpose. This right of the wife to pledge the husband's credit, when unsupplied by him, is generally founded upon the doctrine of the wife's implied agency. Some have called it an agency of necessity. But it is perhaps a clearer view to regard it as a personal, inherent right of the wife, recognized by law, when the husband fails in the duty imposed by the law upon him; since if necessaries are furnished the wife, even against the husband's will, he is liable, when he refuses or neglects to furnish them."

See 1 Bishop on Marriage, Divorce, and Separation, secs. 1183, 1202; Schouler's Domestic Relations, secs. 61-71; Tiffany's Persons and Domestic Relations, secs. 70, 71, pp. 126-135; Peck, Domestic Relations, secs 29-33, pp. 65-81; The Law of Domestic Relations, by W. P. Eversley, 319.

Sections 2984 (3351) and 2991 (3358) thus seem merely declaratory of the common law in respect to the husband's duty of support and his liability for necessary articles of support furnished his wife by a third person; and as other sections divest him of rights enjoyed at common law without compensating provisions, it would seem harsh indeed to construe the law of these sections to include cases of nonsupport beyond his duty at common law. We therefore conclude that, aside from questions of alimony (14 Cyc. 742, and sections 4544-4558, Stat. 1893 [sections 4962-4978, Rev. Laws 1910]), which are not here involved, the husband is legally bound to support his wife only while living with him as such, or apart

from him under such circumstances as to give her an implied authority to bind him.   And:

"If a wife with an ample separate income lives apart from her husband (even though such separation is caused by his misconduct), and contracts debts for what would be held to be necessaries, she would not, it seems, have an authority to pledge his credit in respect of them."   (The Law of Domestic Relations, by W. P. Eversley, 319.)

In determining whether a wife may sue her husband for necessaries furnished by herself out of her separate estate, in a proper case, it would seem only necessary to ascertain if, under our statutes, it is still true, as stated in the second preceding quotation, that there is no personal remedy for the husband's breach of duty in this regard, because the wife cannot sue her husband, and it seems clear that under these statutes she may sue her husband.   Although *Decker v. Kedley,* 148 Fed. 681, 79 C. C. A. 305, based upon statutes of Alaska similar to our own, is to the contrary, *De Brauwere v. De Brauwere,* 144 App. Div. 521, 129 N. Y. Supp. 587, is to the effect that such an action may be maintained under the statutes of New York, which do not seem more favorable to that conclusion than our own.   In the latter case it is said in the opinion:

"The husband thus being under a legal obligation to support his wife and infant children, and having deserted them without providing for their support, he is liable for necessities furnished for that purpose.   In equity he would be liable to any one advancing the money necessary to pay the persons who had furnished such necessaries. * * * I cannot see that she is in any different position from any other person who had advanced money to perform the obligation of the husband for the support and maintenance of his wife and infant children.   * * * The plaintiff has devoted her own separate estate to the

performance of the obligation which was assumed by the husband upon his marriage; and, * * * I can see no reason why the defendant should not be liable to her for the amount thus expended."

The omitted parts of the foregoing excerpt from the opinion of the New York court emphasize the certainty of his liability in that case, but do not seem to materially affect the question of her right to sue him; and, as has been seen from the authorities hereinbefore quoted and cited, her right to necessaries while living with her husband, as well as while he is in abandonment of her, is well established, so the New York case cannot be differentiated from the instant case by the fact that in that case the husband had abandoned his wife. Other cases that, in principle or by analogous reasoning, apparently tend to support her right to sue him for necessaries advanced or paid for out of her separate estate, in a proper case, though not involving this question, are the following: *Fiedler v. Fiedler*, 42 Okla. 124, 140 Pac. 1022, 52 L. R. A. (N. S.) 189; *Riggs v. Riggs*, 91 Kan. 593, 138 Pac. 628; *Heintz v. Heintz*, 56 Tex. Civ. App. 403, 120 S. W. 941; *Schomaker v. Schomaker*, 247 Pa. 444, 93 Atl. 460; *McKie v. McKie* (Ark.), 172 S. W. 891, L. R. A. 1915D, 1126.

But, in the instant case, there is no allegation that the articles for which she expended the sum of $300 were necessary to her support, that she involuntarily expended the same, that she was at the time living with him as his wife, or, if living apart from him, that the circumstances thereof were such as to entitle her to his support, as a predicate for this action.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.