**Mamie REED, Plaintiff in Error,**
**v.**
**Harry C. REED, Defendant in Error.**
**No. 42026.**

Supreme Court of Oklahoma.

June 24, 1969.

Ivester, Ivester & Ivester, Sayre, for plaintiff in error.

Carl A. Rizley, Sayre, for defendant in error.

DAVISON, Justice.

Mamie Reed (defendant below) appeals from a divorce decree rendered in the trial court, complaining that the lower court erred in its determination of the length of her marriage with Harry C. Reed (plaintiff below) and erred in the division made of the jointly acquired property between the parties. She also complains there was error in not awarding her alimony, and in not allowing sufficient attorney fee to her counsel. The parties will be referred to by their trial court designation.

The parties were first married in May, 1945, when defendant had four children from her prior marriage. At that time the present plaintiff owned 160 acres of previously acquired land. This marriage was dissolved in May, 1948, in an action brought by the present plaintiff. In June, 1948, that divorce was vacated on joint application of the parties. The parties were again divorced on October 20, 1948, in an action brought by the present plaintiff. In connection with each of these divorces the defendant received cash and some cattle, and relinquished any claim to plaintiff's land consisting of about 458 acres at the time of the last divorce. Defendant and her four children moved from the parties' farm residence a distance of about a mile to the rural home of her father, where the children continued to reside and go to school until the children moved to California.

Between the October, 1948, divorce and August, 1955, the plaintiff acquired additional land by purchase and inheritance so that his total land holdings were in excess of 1000 acres.

Plaintiff and defendant were never again joined as husband and wife by a formal marriage ceremony. It was defendant's position that the marital relationship was resumed by the parties shortly after the October, 1948, divorce and continued to the admitted separation of the parties on September 14, 1965, and consequently the

lands and personal property acquired in the interim was jointly acquired property. Plaintiff's position was that the parties did not resume the marital relationship and did not live together as husband and wife until the "first part" of 1958, when the parties by agreement assumed the relationship of husband and wife, and therefore the property acquired before that date was not jointly acquired property.

The grounds for the parties' respective positions consists of the following circumstances and testimony. Plaintiff's mother died in 1948 and his father suffered from a heart condition. Admittedly, defendant began in late 1948 to assist in caring for the father and doing housework at plaintiff's house and this situation continued at least to the middle of 1955. Plaintiff testified that money paid to defendant during this period was for these services and that the marital relation was not resumed. Defendant testified she stayed at her father's house, where her children were, or in a house across from her father's place, and went and performed the above services at plaintiff's home, where she often stayed all night, or left late for her father's house, and that the marital relationship was resumed. She stated that money given her by plaintiff and his father was for spending money, but identified a check given her by plaintiff in July, 1949, marked "labor." Plaintiff's father died in August, 1955. Defendant went to California in the summer of 1955 where her two oldest sons were working. The testimony of the parties, concerning this trip, is conflicting in some degree, but is consistent that she returned to Oklahoma July 3, 1956. Plaintiff's testimony is that defendant returned without any funds and by agreement she performed household tasks for room and board and $25 per month, and more if she performed extra farm work. Plaintiff's checks payable to defendant, and his testimony that small cash amounts were given defendant, support the monetary portion of such an agreement. Plaintiff alleged in his petition that they were married on or about July 3, 1956. The evidence reflects

that beginning in 1958 the parties made joint income tax returns as husband and wife. Defendant testified she returned from California and continued their marital relationship the same as in the past. No children were born to the parties.

On September 14, 1965, the parties separated. The cause for the separation, according to plaintiff, was that defendant's son (age 29) had been staying at the parties' home since the previous May, and when plaintiff insisted that he leave, the defendant stated if her son left, then she would also leave. Defendant's version was that plaintiff told both her and her son to leave. On September 24, 1965, they entered into a formal separation agreement. The agreement stated the parties "have been legally married and have lived as husband and wife for approximately 9 years;" that defendant would receive $5000 in full settlement of all her property rights and rights to support and maintenance, and also receive all of her personal effects and several described household appliances; and that plaintiff would receive all of the real estate and other personal property. Defendant was paid $5000.

In the present action plaintiff sought a divorce on the ground of incompatability, alleged the above contract, and a conveyance of the real property from defendant to plaintiff, and asked the court to approve the property settlement. Defendant's answer did not take issue with plaintiff's grounds and prayer for a divorce, but did allege the contract was not a fair division of the property, and that she signed the contract because of fear, misrepresentation and coercion.

In the court's findings and divorce decree the court found the parties entered into a marriage relationship on July 3, 1956; that defendant entered into the contract willingly, and not through fear, misrepresentation and coercion, but that the court could legally modify the contract if there was the slightest trace of unfair advantage; that all of the real property was acquired by plaintiff prior to the last marriage and was his separate property; that

the contract was unfair to the extent that defendant only received $5000 for her interest in property acquired by the parties during the marriage, and on the grounds hereinafter stated, awarded defendant $12,000, less the $5000 previously paid, and otherwise approved the contract; and awarded both parties a divorce on the grounds of incompatibility.

Defendant contends the trial court erred in determining that the last marriage between the parties began July 3, 1956. Defendant urges the evidence reflects the parties resumed the marriage relationship shortly after the 1948 divorce.

On this proposition the trial court found that the written, signed and notarized statement of the parties in their contract of September 24, 1965, that they had been husband and wife for approximately 9 years (since 1956), was the best evidence of when the last marriage began, and seemed to best fit in with the over-all evidence in the case on that issue.

■ The evidence supports this finding. It was on this date, July 3, 1956, that defendant returned from California and began living at the home of plaintiff, whereas before that time, the defendant by her own testimony had stayed there at night only at intervals, and had maintained a more consistent residence at her father's place where her children stayed. Also the fact that the parties only began making joint income tax returns in 1958 would in effect negative the contention that they were husband and wife at and since a date as far back as 1948. In addition to these circumstances the trial court was justified in relying upon the parties written admission as to when the marriage status commenced.

The defendant endeavored to establish by her evidence that a valid marriage existed between her and plaintiff shortly after the October, 1948, divorce, and thereby secure some right in properties acquired after that time.

■ In Hawkins v. Hitchcock, Okl., 365 P.2d 971, we held that the issue of the existence of a lawful marriage is one of fact, and where the right of a party to the relief sought is dependent upon a marriage, the burden is upon such party to establish the marriage.

The findings and judgment of the trial court that the parties did not become husband and wife until 1956, is sustained by the evidence, and is not against the weight thereof.

The judgment of the lower court in this respect is affirmed.

Defendant contends the trial court erred in determining the amount of the jointly acquired property and in finding the portion awarded to her.

The trial court held that all of the approximately 1033 acres of land was acquired by plaintiff prior to the last marriage and was not jointly acquired property. Defendant makes some argument that the proof to support this conclusion was not clear and definite. There can be no question as to the dates the plaintiff acquired the properties. The "dates of the acquisition" of the property was introduced in evidence by stipulation, and they were all prior to the last marriage.

Regarding the farm equipment and cattle, the plaintiff testified that in 1956 he had approximately the same number of such items as was on hand at the time of the separation in 1965. The testimony of the defendant on this matter is not helpful. Defendant tries to show by the schedules attached to the parties' income tax returns, that there was an increase in the amount and value of such property. The trial court considered this evidence and came to the conclusion that there was some increase in value of such personal property, but apparently was unable to fix the amount thereof from the evidence. The trial court obviously considered this matter in connection with the determination that the contract was unfair in the division of the property.

In arriving at the figure of $12,000 given defendant in the division of the jointly acquired property, the court considered in

its findings the circumstances that during the marriage the mortgage indebtedness on the land was reduced about $3000 ($2887.-50), a $12,000 home was constructed in 1962–1963, there was $6224.58 in bank accounts, and the 1965 wheat crop was worth about $7000. The court found that "Rounding everything off and doing the best job the Court can do with the evidence before it," the net increase in worth from the beginning of the last marriage to the separation was "somewhere around $24,000." and defendant should receive one-half of this amount, or $12,000, less $5,000 already paid, and "otherwise the contract should be approved."

As stated above, the court found the defendant entered into the contract willingly. Furthermore, in modifying the contract and giving the defendant the much larger sum, the court gave her this relief in the face of her testimony that she initially fixed and asked the plaintiff for $5000, knowing the property and income the defendant had, and that the contract was read to her and she understood it and had the intelligence to know what she was signing. It appears from all of these facts that the trial court was conscientiously trying to make an equitable division of the property.

In McCoy v. McCoy, Okl., 429 P.2d 999, we held that an equitable division of property under 12 O.S.1961, § 1275, does not require that the property be equally divided between the parties. We also stated therein that in making an equitable division of property in a divorce action, the trial court is vested with a wide discretion, and, before this court will reverse an order adjusting property rights in a divorce action, it must clearly appear that the trial court abused its discretion.

We cannot say the division of property the court made constituted an abuse of discretion.

Defendant further complains the trial court erred in not awarding her alimony.

We have held that there is no rule available by which to measure or determine the amount of alimony or property to be awarded a party in a divorce case as each case depends on its own facts and circumstances; and the division of property and awarding or denial of alimony rests within the sound discretion of the trial court, and in the absence of abuse of such discretion the judgment of the trial court making a division of property and awarding or denying alimony will not be set aside on appeal. Henley v. Henley, Okl., 428 P.2d 258, and Honeywell v. Honeywell, Okl., 344 P.2d 589.

At the time of the first marriage the defendant was a schoolteacher, but had not thereafter been so employed. Plaintiff is a farmer and rancher.

Plaintiff owned about 783 acres of grassland, valued at from $75 to $125 per acre, and about 250 acres of cultivated land, valued at $150 to $250 per acre. There was about $750 still owing on the lands. He had about 112 head of cattle, which he said was about the number he had in 1956. The value of this livestock is not clearly shown by the evidence. His farm equipment, according to our interpretation of his testimony had a value of about $8500. The parties' returns for Oklahoma income tax showed a net income (after deducting standard or itemized deductions and Federal Income tax, and before deducting personal exemption) for the years enumerated and in the amounts set out, as follows: 1958—$5056.80; 1959—$3471.40; 1960—$2545.99; 1961—$7685.38; 1962—"none"; 1963—$7149.64; and 1964 —$3888.82.

The trial court modified the separation agreement only as to the division of property. In all other respects the court approved the agreement. It is our belief the trial court concluded that under all the facts and circumstances the modification of the contract to give defendant $12,000 was sufficient justification to refuse to modify the contract in all other respects. It is also obvious the trial court determined the circumstances were such that the defendant was not entitled to alimony. From our examination of the record we cannot

say that the trial court abused its discretion in denying defendant any alimony.

Defendant further contends that the trial court erred in failing to grant her attorneys a sufficient attorney's fee.

■ In Mitchell v. Mitchell, Okl., 385 P.2d 462, we held that an attorney's fee allowed the wife in a divorce action will not be disturbed on appeal if reasonably supported by the evidence and if reasonable under the circumstances.

Under all the circumstances we conclude that the allowance of attorney's fee granted to defendant was reasonable and will not be disturbed.

Defendant also contends the trial court should have granted her temporary support and that she should be given temporary support during the pendency of this matter in this court.

This proposition was previously denied by this court, with leave to present the same in connection with final determination of the merits of the appeal.

We adhere to our former conclusion on this matter and the application for temporary support is denied.

Affirmed.

All Justices concur.