James R. COLVERT, Jr., Appellant,

v.

Cynthia M. COLVERT, Appellee.

No. 49390.

Supreme Court of Oklahoma.

May 17, 1977.

Rehearing Denied Sept. 21, 1977.

Robert F. Bourk, Oklahoma City, for appellant.

Lawrence H. McMillin, Oklahoma City, for appellee.

LAVENDER, Vice Chief Justice:

James R. Colvert, Jr. (husband) petitioned for a divorce from his wife, Cynthia M. Colvert (wife), in March 1975. On her cross-petition, the wife was granted a divorce by reason of the fault of the husband based on incompatibility. Trial was held December 31, 1975, and judgment granted January 5, 1976. Wife was awarded custody of a three year old son and child support of $200 per month. A division was made of the personal property. This did not involve large values or sums.[1] There were two automobiles. The husband received the 1974 Maverick. The wife received the 1972 Dodge Dart. Wife was decreed an alimony judgment, as property division of $35,000 payable in monthly installments. The monthly amounts were on an increasing scale. Commencing July 1, 1976, and continuing for one year, the monthly amount was $100. The increase was to $250 for the next two years, then $500 per month for another two years. Thereafter, the installment was $1,000 per month until paid in full.

Husband's motion for new trial and petition-in-error make the principal issues of this review the amount of alimony and child support.

The parties were married June 1, 1968. At that time, he was a graduate student and she was an undergraduate student at the University of Oklahoma. The husband entered the University of Oklahoma medical school in 1972. At time of the divorce, he was less than six months from graduation and an M.D. degree. The wife graduated from the University of Oklahoma and became a registered pharmacist in early 1972. At time of the divorce, she was employed as a pharmacist with a yearly income of approximately $16,000. Marriage problems and separation came in early 1974 with attempts at reconciliation for about a year. At trial, he claimed no income. He showed a debt of $10,000 from student loans he received commencing in the spring of 1974. His father had paid most of his medical tuition and books. Since about 1971, and particularly after she became a registered pharmacist and he entered medical school, the wife was the principal breadwinner who supported the family. An exhibit at trial showed their contribution to

---

1. The trial court awarded parties certain personal property. Values are shown as indicated by evidence of record.

| HUSBAND: | VALUE: |
|---|---|
| Clothing and personal effects | |
| 1974 Ford Maverick automobile | $1,000 to $1,200 |
| Savings account | 500.00 |
| Checking account | 199.00 |
| Two year old, $10,000 face value life insurance policy with no cash value | –0– |
| Twenty shares of Occidental Petroleum Co. stock which Appellant received from his father as a gift | 280.00 |

| WIFE: | VALUE: |
|---|---|
| Clothing and personal effects | |
| 1972 Dodge Dart | $1,000.00 |
| Two savings accounts from her earned income, totaling | 2,792.00 |
| Checking account | 60.00 |
| 1974 Federal tax refund | 933.67 |
| 1974 Oklahoma tax refund | 108.66 |
| Household furnishings | |

the family income from marriage, 1968, through divorce, 1975.[2]

Husband argues error for the decree gave the wife a property right in his yet to be received certificate to practice medicine. He places great stress on comments of the trial court at the close of the trial as to the trial court's intentions concerning judgment and the court's reasons.[3] If there is such a property right, then the husband would assert a like property right in his wife's certificate to practice pharmacy. He argues the alimony and child support awards to be based on speculation and excessive so as to be abusive of the trial court's discretion. We do not agree.

■ The judgment sought to be reviewed is contained in the January 5, 1976, decree of divorce. The trial court's remarks contain insights as to his understanding of the case, but cannot be considered the controlling judgment in the case.[4] The petition in error alleges the husband was aggrieved by the decree of divorce and its terms as to alimony and child support. That decree contained a judgment for alimony "as property division and in settlement of all of her property right against the plaintiff, in the total sum of $35,000." The decree gave no property rights in the yet to be received certificate to practice medicine. The decree gave the wife alimony designated as property settlement, rather than support, as allowed by 12 O.S.1971, §§ 1278 and 1289. The trial court's remarks reflect consideration of the husband's future earning capacity in fixing that amount of alimony.

2. As reflected in husband's Exhibit No. 1 in the record filed in the appeal:

|  | HUSBAND | WIFE | TOTAL |
|---|---|---|---|
| 1968 | $ 2,650.54 | $  –0– | $ 2,650.54 |
| 1969 | 3,465.64 | 782.64 | 4,248.28 |
| 1970 | 3,372.20 | 888.01 | 4,250.21 |
| 1971 | 2,280.00 | 5,130.54 | 7,410.54 |
| 1972 | 1,140.00 | 9,806.40 | 10,944.30 |
| 1973 | 918.06 | 11,578.66 | 12,491.17 |
| 1974 | 133.50 | 15,729.21 | 15,862.71 |
| 1975 | –0– | 16,800.00 (plus bonus) |  |

Total 1968 through 1973:

| $13,834.44 | $28,186.25 | $43,020.69 |
|---|---|---|

Total 1968 through 1974:

| $13,967.94 | $43,915.46 | $57,883.40 |
|---|---|---|

3. Comments of the court read in part:

" * * * . This is an unusual case in that, as we sit here today, the Plaintiff doesn't have a great deal of money.

"However, the Court takes into consideration that the defendant has made most substantial contributions to his education to this point and he stands about six months away from the doors opening to great affluence beyond any question and any doubt.

"I want the record to clearly show that I feel that where there has been a marriage of this length and where the wife has been the primary breadwinner, and I find that to be a fact in this case and she has most substantially contributed to the obtaining of an education, particularly in a field which everyone knows is extremely lucrative as far as money is concerned, that the Court should consider the certificate to practice medicine as property acquired during the marriage, having most substantial value.

"It would, indeed, be a tremendous injustice if the Court treated it otherwise and gave alimony in the way of support because that would mean that the wife would have to remain a celibate or else not ever recover anything in the way of her investment.

\* \* \* \* \* . \*

"When a man brings a child into this world that becomes his first and primary obligation. In the nature of a judgment for property division, I award the defendant judgment against the plaintiff for the sum of $35,000.00. The first payment will be due July 1, 1976, and for one year the payments will be $100.00 a month starting on July 1, 1977, through June 30, 1979. The court sets the payments at $250.00 a month from July 1, 1979 through June 30, 1981. The Court sets the payments at $500.00 a month and at $1,000.00 a month thereafter until they shall have been satisfied in full."

4. Part of the Court's comment reads:

" * * * . One thing before I make any further award, I think I should state clearly for the

Although the statute, 12 O.S.1971, § 1278, provides the wife shall be allowed alimony out of the husband's real and personal property, where a divorce is granted by reason of his fault, alimony may be allowed in a proper case where the husband has no estate. *Mathews v. Mathews,* 186 Okl. 245, 96 P.2d 1054, 139 A.L.R. 202 (1939). That opinion, p. 1056, quotes at length from *Nixon v. Nixon,* 106 Kan. 510, 188 P. 227 (1920) that discusses a like Kansas statute from which § 1278 was adopted. *Nixon, supra,* though basing the doctrine of alimony upon the common-law obligation of the husband to support his wife, refused to limit alimony under the statute to the husband's present property. Alimony, under such a statute, may be based upon the husband's earning capacity, present or future, and in an amount beyond the value of his estate or property at the time the marriage is dissolved. In *Smyth v. Smyth,* 198 Okl. 478, 179 P.2d 920, 923 (1947) this court, in allowing alimony from property not finally distributed in an estate, quoted from 17 Am.Jur., Divorce & Separation, § 598 [5] as follows:

" 'Next to the fortune of which he is already possessed, consideration (as to alimony) should be given to the husband's earning capacity, future prospects, and probable acquisition of wealth from any source whatever. * * *.' " (Explanation added.)

In the present case, prior to marital problems, the family unit made an investment, not in personal or real property, but in husband's professional education as a doctor. That effort was enhanced and made possible by the wife becoming the principal support for the family through her own education, profession, and work. As indicated in *Mathews, supra,* in its quote of *Nixon, supra,* at p. 1056, to limit § 1278 to the amount of alimony allowed by present property of the husband would be "an oversight in the letter of the law, against its spirit and intention."

We note the increased scale of the installment payments. The husband testified of plans to graduate from medical school about July 1976, of a first year of post-graduate training, then a required two years active duty with the Army, resume his post-graduate training at a salary of about ten to twelve thousand dollars per year, and after that, the opening of his own practice of internal medicine. On his internship, or the first year of training, he would receive approximately $850 per month. His military duty would be at the base pay of a Captain of some $1,260 per month base pay with other allowances, including a $100 per month professional incentive pay, a subsistence allowance, and a B.O.Q. allowance of $160 per month.

Syllabus by this court in *Reed v. Reed,* Okl., 456 P.2d 529 (1969) states:

"There is no rule available by which to measure or determine the amount of alimony to be awarded a party as each case depends on its own facts and circumstances; and the awarding or denial of alimony rests within the sound discretion of the trial court, and in the absence of abuse of such discretion the judgment of the trial court awarding or denying alimony will not be set aside on appeal."

Alimony decreed to the wife as a sum of money, payable either in gross or in installments and with the divorce granted by reason of the fault of the husband, as allowed under § 1278, is not limited to the value or

record that at the request of the parties, the Court is taking this matter under advisement until this coming Monday which will be the 5th day of January, and all I intend to do and have intended to do to this point is express to the parties what the Court's intentions are with respect to granting a divorce on the 5th day of January."

\*    \*    \*    \*    \*    \*

5. Statement now found in 24 Am.Jur.2d, Divorce and Separation § 632, entitled Earning capacity and future prospects of husband, reads:

"Next to the property or resources of which he is already possessed, consideration should be given to the husband's earning capacity, future prospects, and probable acquisition of wealth from any source whatever."

*Smyth, supra,* is footnoted as one of the authorities for that statement.

amount of the husband's property. His earning capacity, present and future, is an element that may be considered in fixing the amount. Section 1289 allows the trial court at the time of the decree to designate all or a portion of each payment as support or as pertaining to a division of property.

 Here, the trial court did consider the husband's earning capacity, both present and future. He designated the alimony award as pertaining to a division of property. He gave a monthly child support award of $200 per month. Under the circumstances of this case, we find the alimony and child support awards to be reasonable. *Reed, supra.* There was no abuse of the sound discretion of the trial court. The child support award allowed by the trial court is not clearly against the weight of the evidence. This court will not change that amount, here. *Kirkland v. Kirkland,* Okl., 488 P.2d 1222, 1226 (1971). We do not set aside these awards in this appeal.

Husband would seek a property right in the wife's certificate to practice pharmacy. He argues, without citing authorities, the license should be considered jointly acquired property and her future income should be considered. Husband points to no evidence as to why he has a property interest in that certificate. His income contribution to the family from 1968 through 1971 comes from his statutory obligation of support,[6] rather than an investment in her certificate to practice pharmacy. Earning capacity, present and future, is an element of consideration in fixing amount of alimony under § 1278 and when divorce is granted by reason of the fault of the husband. This is the circumstance of the present case. We do not agree with this position of the husband.

Husband's reply brief would stress and compare contributions and gifts during the marriage by the parents of the two parties. We dismiss that consideration as not controlling and without merit.

Appellee's request for allowance of additional attorney fees for this appeal is denied, under the circumstances.

Affirmed.

DAVISON, WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

---

6. Duty to Support the Family, Robert R. Hamilton, 14 Okl.L.R. 310, reads in part:

\* \* \* \* \* \*

"In Oklahoma the primary obligation for the support of the family is placed on the husband and father.[1] This obligation is satisfied once

"[1] 32 Okla.Stat. § 3 (1951) (husband); 10 Okla.Stat. § 4 (1951) (father).

the family is provided with 'necessities'[2] and

"[2] *Branson v. Branson,* 190 Okla. 347, 123 P.2d 643 (1942). The specific meaning of 'necessity' will be discussed *infra* p. 313.

exists irrespective of the ability of his wife and children to support themselves.[3] \* \* \*.

"[3] *Sodowsky v. Sodowsky,* 51 Okla. 689, 152 Pac. 390 (1915)."