OPINION OF THE COURT
Elizabeth W. Pine, J.
The court’s decision in this matter follows a trial at which defendant did not oppose either plaintiff’s application for a divorce based on abandonment or her application for custody of the young child of the parties.
The contested issues in this action are financial ones,involving the wife’s requests for a distribution of marital property, a distributive award, maintenance and child support. Defendant husband, a physician whose approximately $50,000 annual income is 25 times the $2,000 per annum he earned as a Good Humor salesman in 1972, the year before he married plaintiff, now asserts that there is no marital property to distribute and that plaintiff is entitled neither to a distributive award nor to maintenance.
The Appellate Division in this department recently held, in Lesman v Lesman (88 AD2d 153), that a medical degree or license is not marital property subject to equitable distribution.
*43 Not mentioned in Lesman are the numerous new Domestic Relations Law provisions relating to distributive awards. These provisions appear particularly significant given New York’s enactment of a statute so clearly intended to recognize that marriage is also an economic partnership.[1] The distributive award, a significant part of our deliberately flexible statute,[2] appears fully consonant with a remedy long known to the law of partnership: the postdissolution return of a partner’s advances or contributions, from partnership property, if it is sufficient, and if not, by a money judgment against other partners individually. (See Partnership Law, § 71; 6 Uniform Laws Ann, Uniform Partnership Act, § 40 [rules for distribution].) Under these provisions, a partner’s individual liability does not become a distributable “asset of the partnership”, for the purpose of repaying advances and contributions, unless the “partnership property” at the time of dissolution is insufficient to repay them.
Since the distributive award provisions of our new Equitable Distribution Law expressly provide that a distributive award may be used not only to facilitate or to effectuate a distribution of marital property, but, alternatively, to supplement a distribution of marital property (Domestic Relations Law, § 236, part B, subd 1, par b; subd 5, par e), consideration of such relief appears warranted where, though a spouse’s financial contribution to the education of *44 the other has been substantial,[3] the marital property available to distribute is not. To allow a discretionary distributive award under such circumstances, as a return of advances or contributions made by a spouse to further what were thought to be common future goals (cf. 45 Albany L Rev 483, 499), appears fully consistent with the new Domestic Relations Law distributive award provisions.
It is difficult to conceive that any court applying the Equitable Distribution Law[4] would require a wife who cosigned loans for her husband’s medical school or living expenses to repay such loans on his behalf as part of a property distribution. Where there is no marital property to distribute and the wife is not entitled to maintenance, a distributive award can ensure that the wife who invests her cash rather than her credit to further the same common purpose is treated no more harshly.
Numerous other States, even without express distributive award statutes, have granted relief based on the amount of the wife’s contribution to the husband’s education. (See, e.g., Lundberg v Lundberg, 107 Wis 2d 1, overruling De Witt v De Witt, 98 Wis 2d 44; Inman v Inman, 8 Fam L Rptr 2329 [Ky], overruling in part Inman v Inman, 578 SW2d 266 [Ky]; Moss v Moss, 8 Fam L Rptr 2329 [Ky]; DeLa Rosa v DeLa Rosa, 309 NW2d 755 [Minn]; Hubbard v Hubbard, 603 P2d 747 [Okla], overruling in part Colvert v Colvert, 568 P2d 623 [Okla]; Matter of Horstmann, 263 NW2d 885 [Iowa]; Moss v Moss, 80 Mich App 693, application for lv to app den 402 Mich 946; Daniels v Daniels, 20 Ohio Opns 2d 458; see, also, Ind Stats Ann, § 31-1-11.5-11, subd [c], overruling Wilcox v Wilcox, 173 Ind App 661.)[5]
*45 Having considered the discretionary distributive award provisions of section 236 (part B, subd 5, par e) of the Domestic Relations Law, the court finds that no such award is warranted in the instant case because, on the facts before this court, plaintiff is entitled to rehabilitative maintenance.

. The legislative history of the Equitable Distribution Law from its introduction (Introductory Memorandum, Assembly No. 6200A, Senate No. 6174A, in Bill Jacket for L 1980, ch 281), to its passage in the Assembly and Senate and its approval by the Governor, resounds with a new recognition that marriage is also an economic partnership. Assemblywoman Sullivan, a cosponsor of the bill, noted just before its passage in the Assembly that “the bill is based on the concept of marriage as a partnership of equals”. Senator Barclay, the principal Senate sponsor of the Equitable Distribution Law, urged that passage of the bill would recognize “that a marriage is not only an emotional partnership and not only an institution that society wants to preserve, but, in fact, is also an economic partnership”. Governor Carey, in his Approval Memorandum No. 35 of 1980, reaffirms: “The bill recognizes that * * * marriage * * * is also an economic partnership”. (McKinney’s Session Laws of NY, 1980, p 1863.)

. The introductory memorandum for the Equitable Distribution Law expressly notes: “An important aspect of this legislation is the flexibility which is incorporated due to the tremendous variation in marital situations and the equities involved. Flexibility rather than rigidity is essential for the fair disposition of a given case”. (Introductory Memorandum, Assembly No. 6200A, Senate No. 6174A.)

. See, e.g., O’Brien v O’Brien (114 Misc 2d 233 [wife made contributions, over a nine-year period, having a present value of $103,390]); Reen v Reen (8 Fam L Rptr 2193 [Mass Prob & Fam Ct, Hampden Div, Dec. 23, 1981] [wife’s contributions during husband’s college, dentistry and postdental training amounted to $120,215]).

. Even California, a State with one of the most rigid property division statutes in the country, makes an exception in the case of educational loans. These, exempted from the rule of equal division of the community, are allocated entirely to the spouse who received the education, at least absent “extraordinary circumstances rendering such an assignment unjust”. (Cal Civ Code, § 4800, subd [b], par [4].)

. See Erickson, Spousal Support Toward the Realization of Educational Goals: How the Law Can Ensure Reciprocity (1978 Wis L Rev 947). The recent decision in Kutanovski v Kutanovski (NYLJ, Aug. 25,1982, p 12, col 2) (Supreme Ct, Richmond County) determines a value for neither the husband’s medical “license” nor the wife’s contributions toward it.