## BAKER v. WITTEN.

*[Opinion Filed July 6, 1892.]*

1. PROMISE OF WIFE—*Liability of Husband*—The complaint in this case seeks to charge the husband on the promise of the wife, made in his absence, for medical services rendered to a hired farm hand. *Held,* that the husband was not liable.

2. LIABILITY OF HUSBAND—*Necessaries*—In the absence of express authority, the husband is not liable for the wife's obligations, except for necessaries. The power of the wife to bind the husband on contracts is based upon the ground of *agency*. *As wife,* she has no inherent power to make a contract binding upon the husband, *even for necessaries.*

*Error to the District Court of Oklahoma County, Hon. J. G. Clark. Judge.* -

The opinion states the case.

*Stone & Lewis*, for plaintiff in error.

*Witten & Hammons*, for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: The plaintiff below, defendant in error, E. W. Witten, filed his complaint in the probate court of Oklahoma county, against the plaintiff in error, J. W. Baker, in October, 1891, in which he alleged that Baker was indebted to him in the sum of $10.00, for professional services as a physician, rendered to one George Hoffman at defendant's request, and for which defendant agreed to pay. Baker filed an answer, specifically denying the indebtedness, or that he ever employed Witten or authorized him to treat Hoffman.

The case was submitted to the probate court upon an agreed statement of facts, as follows, to-wit:

"It is hereby agreed by the parties to this action, that the testimony of the witnesses, if sworn and introduced, would show, and the case by agreement of both plaintiff and defendant is hereby submitted to the court for its decision and judgment, upon the following facts, to-wit:

"That on the 21st day of March, 1891, defendant had in his employ a laborer, by the month, upon his farm in Oklahoma county, Oklahoma Territory, one George Hoffman, who resided during the time of said employment at the house and with the family of defendant; that on the 21st day of March, 1891, the said George Hoffman and one Bode Baker, a son of the defendant, became involved in a difficulty, which resulted in the said Bode Baker shooting and severely wounding the said George Hoffman. That the services of a physician were necessary for the said George Hoff-

man, and that Mrs. J. W. Baker, wife of the defendant, dispatched a messenger for a physician; that said messenger found and requested the plaintiff to attend the said George Hoffman. That plaintiff did, at said time, go to see and render medical services to said George Hoffman. That after said services were rendered for said George Hoffman, Mrs. J. W. Baker,. wife of the defendant, asked the plaintiff the amount of his bill for said services, and was informed by plaintiff that his charge was $10.00. That she thereupon informed plaintiff that her husband was absent in Kentucky, but that they would be responsible for the bill and would pay it on his return from Kentucky. That plaintiff relied upon said promise of the said Mrs. Baker, and made no effort to secure the payment of his bill from any person other than this defendant.

"It is agreed that plaintiff rendered the services in a professional manner, and that his charge therefor was reasonable. It is further agreed, and admitted, that at the time defendant's wife made said agreement in reference to payment of said bill of plaintiff, the defendant was absent from his home, in the state of Kentucky, and had been for several weeks, and that his said wife had no express authority from defendant to bind him to payment of said bill, and no authority other than such as she had by reason of being his wife and by reason of his absence, and that his said wife made said contract without any authority from defendant, except as above stated.

HAMMONS, WITTEN & MITCHELL,

Atty's for Plaintiff.

STONE, LEWIS & SNYDER,

Atty's for Defendant."

Upon the agreed statement of facts the probate court rendered judgment for the plaintiff, from which judgment the defendant appealed to the district court of Oklahoma county. The case was submitted in the district court upon the same agreed statement of facts. Whereupon the district court gave judgment in favor of plaintiff for the amount of his claim, $10.00, and $5.00

additional as an attorney's fee, costs of suit, etc., all of which was excepted to by the defendant.

The defendant filed a motion for new trial, containing twelve specific grounds, one of which embraces all the questions raised by the entire twelve, to-wit, the 8th :

"That the decision and judgment of the court is not sustained by sufficient evidence and is contrary to law."

The court overruled the motion for new trial, to which defendant excepted, and the question is duly saved by bill of exceptions.

The case comes before this court by petition in error, and plaintiff in error sets out and assigns seven specifications of error, all of which are saved and presented by the second, viz.:

"That the court erred in overruling the motion for new trial and to set aside the judgment rendered on January 2, 1892, for the reasons stated in said motion.'

The complaint in this case seeks to charge the husband on the promise of the wife, made in his absence, for medical services rendered to a hired farm hand.

In the absence of express authority, the husband is not liable for the wife's obligations, except for necessaries. The term necessaries means all such things as are proper and requisite for the sustenance of man, and embraces food, clothing, medicine and habitation; and to hold the husband these provisions must be consistent with his condition and estate.

The obligation of the husband to support does not extend beyond his wife and own children, and a wife cannot make a binding contract on him to support even near relatives, as she is not presumably his agent for that purpose. (Schouler's Domestic Relations, § 71.)

The power of the wife to bind the husband on contract is based upon the grounds of agency, for she has no inherent power, *as wife*, to make a contract, even for necessaries, binding upon him. So that in all cases it

must be made to appear that the contract was made with his assent, expressed or implied, or that it was for necessaries, or that the contract was subsequently ratified or adopted by him, or he cannot be made liable. (Tyler on Infancy and Coverture, p 360.)

A husband is never liable for agreements made by the wife without his consent unless the circumstances are such as to raise the presumption, or implication, that the wife acts under his authority. (Tyler's Infancy and Coverture, § 227.)

It is expressly admitted in the agreed statement of facts that Mrs. Baker had no authority from her husband to employ the plaintiff or to make any agreement to pay him; there are no circumstances connected with the transaction from which such authority can be implied or presumed.

Medical attendance upon one not a member of, or dependant upon the family for support, cannot be classed as necessaries, and it is a well settled doctrine that the master is not bound to provide medical assistance for an ordinary hired servant unless he stipulates for it in the contract of hiring. (4, Watts Actions and Defenses, 400.)

It is contended that the wife is, in the absence of the husband the head of the family, and as such has power to bind him. This proposition means nothing more or less than she is his agent by virtue of her marital relations, and the general rule provides that an agent has implied power to bind his principal, only as to such matters as are necessarily incident to the execution of the express power conferred.

Medical services to a third person cannot be said to be necessarily incident to the duties of carrying on a farm and looking after the household affairs in the absence of the husband.

The wife could in no event as the agent of the hus-

band, by virtue of the marital relations, bind him on any contract for which he would not have been primarily liable.

Baker was not primarily liable for the services rendered by plaintiff to his hired servant.

The person treated by the physician was primarily liable for the reasonable value of said services, and if Mrs. Baker employed the plaintiff and agreed to pay him under the laws of Oklahoma, she is liable for her contracts, but we are unable to find any principle of law by which the defendant can be held liable for said services under the facts upon which said case was submitted and tried.

The district court erred in rendering judgment for the plaintiff and in overruling the motion for new trial. The judgment of the district court is reversed with directions to grant a new trial and render judgment for the defendant Baker upon the agreed statement of facts for his costs.

All the Justices concurring.