## LABADIE v. HENRY.

No. 18551.    Opinion Filed Sept. 11, 1928.

(Syllabus.)

1. **Husband and Wife—Duty of Husband to Support Wife—When Wife Liable for Support of Husband—Statute.**

The husband must support himself and his wife out of his property or by his labor. The wife must support the husband, when he has not deserted her, out of her separate property when he has no separate property and he is unable from infirmity to support himself. (Section 6607, C. O. S. 1921.)

2. **Same—Liability of Husband for Necessaries Supplied to Wife.**

If the husband neglects to make adequate provision for the support of his wife, any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value therefor from the husband    (Section 6614, C. O. S. 1921.)

3. **Same—"Necessaries" Defined.**

Necessaries are those things suitable to the rank and condition of the husband. The term is not confined to articles of food or clothing required to sustain life or preserve decency, but includes such articles as are suitable to maintain the wife according to the estate and degree or rank of her husband.

Error from District Court, Osage County; J. R. Charlton, Judge.

Action by Mrs. Pat Henry against Earnie Labadie and another. Judgment against defendant named, and he brings error. Affirmed.

Humphrey & Spence, for plaintiff in error.

Blount C. Trice, for defendant in error.

HEFNER, J. Mrs. Pat Henry, plaintiff below and defendant in error herein, filed this cause of action in the district court of Osage county against H. G. Cook, administrator of the estate of Bertha Labadie, deceased, and Earnie Labadie, defendants. Earnie Labadie is the surviving husband of Bertha Labadie, deceased. When the plaintiff's testimony had been introduced, both the administrator and the defendant Earnie Labadie filed demurrers thereto. Both demurrers were overruled. The administrator introduced evidence in his behalf, but the other defendant, Earnie Labadie, introduced no evidence whatever. The court entered judgment for the plaintiff against Earnie Labadie, but found in favor of the administrator and entered judgment against the plaintiff as to him. The defendant Ernie Labadie has brought the case here for review. No cross-appeal was filed against the administrator.

The suit was brought to recover for merchandise sold by the plaintiff to Bertha Labadie, the wife of the defendant Earnie Labadie. Judgment could not be rendered against the administrator because the statutes of limitation had run before suit was filed. Plaintiff alleged that the goods, wares, and merchandise sold to Bertha Labadie consisted of wearing apparel, clothing, and necessaries for the support and maintenance of the said Bertha Labadie and her children; and that the defendant Earnie Labadie received an annual income in his own right from oil royalties of approximately $12,000 a year and was fully able to maintain his wife and his children and provide them with clothing, wearing apparel, and the necessities of life.

The merchandise was sold to Bertha Labadie and was charged to her. At the time

of her death the account amounted to $812.75. Both the wife and the husband had separate estates and each had an income of approximately $12,000 per year. The defendant in error had been trading with the wife for several years and the wife had always paid her.

Section 6607, C. O. S. 1921, is as follows:

"The husband must support himself and his wife out of his property or by his labor. The wife must support the husband, when he has not deserted her, out of her separate property when he has no separate property and he is unable from infirmity to support himself."

The evidence discloses that the husband had a separate estate and an income of about $12,000 per year from oil royalties. Under these facts the above statute made it his duty to support his wife out of his property notwithstanding the fact the wife may have had a separate estate of her own.

Section 6614, C. O. S. 1921, in part, provides as follows:

"If the husband neglect to make adequate provision for the support of his wife, * * * any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value thereof from the husband."

This statute does not create a liability against the husband for all goods or merchandise that might be purchased by the wife. He becomes liable only when he neglects to make adequate provision for her support, and in such case any other person may, in good faith, supply the wife with articles necessary for her support and recover the reasonable value therefor from the husband. It follows that the husband is only liable for articles "necessary" for the support of the wife.

Were the articles furnished necessaries? The common law confined "necessaries" to the necessities of life, such as food, drink, clothing, washing, instruction, and a competent place of residence. Ann. Cas. 1915A, page 11. In later years necessaries have not been confined to the bare necessities of life. The term "necessaries", as applied to a wife, is not confined to articles of food or clothing required to sustain life or preserve decency, but includes such articles of utility as are suitable to maintain her according to the estate and degree of her husband. Raynes v. Bennett, 114 Mass. 424.

In 13 R. C. L. par. 240, it is said:

"Necessaries are said to be those things suitable to the rank and condition of the husband, or, in other words, to the condition of the parties in life. The term is not confined to articles of food or clothing required to sustain life or preserve decency, but includes such articles of utility or probably of ornament as are suitable to maintain her according to the estate and degree or rank of her husband. Though it is recognized that it is undesirable to attempt to prescribe a universal rule or formula for the specific determination of this question in every case, in a general way, it may be said that whatever naturally and reasonably tends to relieve distress, or materially and in some essential particular to promote comfort, either of body or mind, may be deemed to be a necessary, for which a wife, under proper circumstances, may pledge her husband's credit."

The above quotation is, in our judgment, a correct definition of necessaries and is supported by many eminent authorities.

The plaintiff alleged that the articles furnished were necessaries for the support of the wife. The court in its decree found the evidence sustained the allegations in the petition. We think the evidence is sufficient to sustain the finding of the court. The judgment is affirmed.

MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.