## SCHIEFER v. WILSON.

No. 24320.　March 12, 1935.

G. J. Womack and S. H. Singleton, for plaintiff in error.

Wilkinson & Wilkinson and J. H. Long, for defendant in error.

PER CURIAM. This is an appeal from the district court of Stephens county. Plaintiff in error, Fred Schiefer, was defendant

in the trial court, and the defendant in error, Mrs. Ross L. Wilson, was plaintiff. The parties will be hereinafter referred to as plaintiff and defendant as they appear in the lower court.

The plaintiff commenced her action by filing a petition seeking judgment against Fred Schiefer for medical attention, hospital care, transportation and clothing for his wife, Augusta Schiefer, which it is alleged, were necessary and were furnished at the request of Augusta Schiefer, and for the purpose of aiding Augusta Schiefer in recovering her health. The defendant answered by an unverified denial, but admits that Augusta Schiefer was sick and became in need of medical attention, that she was placed in the insane asylum upon orders of the county judge of Stephens county, and that he never did consent for his wife to be removed from the state hospital or placed in a private sanatorium, and alleges that the expenses incurred by the plaintiff were wholly unauthorized by the defendant, and that his wife was removed to the sanatorium in Davenport, Iowa, without his consent and at a time when she was receiving adequate and scientific treatment at the hospital at Norman, Okla.

Trial was had by jury, and the jury returned the verdict in favor of the plaintiff; motion for a new trial filed by the defendant was overruled, and the defendant appeals. For reversal it is urged by the defendant that the court erred in overruling the demurrer to the petition of the defendant in error. The record shows a demurrer to the petition, but does not show that the same was ever acted upon in any way by the court. It is also contended that the verdict of the jury is contrary to the law and the evidence, and that the verdict is contrary to and in disregard of the court's instructions.

Evidence discloses that the defendant and his wife resided in Stephens county, Okla.; that in January, 1929, upon a hearing before the county judge, the wife, Augusta Schiefer, was declared insane and ordered admitted to the State Hospital for the Insane at Norman, Okla., as a public patient. The plaintiff, Mrs. Ross L. Wilson, is a sister of Augusta Schiefer, and with the consent of Fred Schiefer, she removed Augusta Schiefer to Newkirk, Okla., the said Fred Schiefer giving written consent thereto. Later, through another sister, Mrs. S. S. Johnson, Mrs. Ross L. Wilson took up with the husband the matter of giving care and treatment to his wife, and it is testified that this was refused, the defendant stating, ac-

cording to the evidence, that he would not spend any more money on his wife. The plaintiff thereafter placed Augusta Schiefer in a sanatorium at Davenport, Iowa, and incurred and paid expenses for her treatment therein, and this suit is brought for the recovery of such expenses.

The defendant contends that inasmuch as his wife is insane and was placed in the hospital, there is no liability on him for the payment of her care or to repay the plaintiff for the expenses incurred. The defendant permitted the plaintiff to secure the release of his wife from the insane asylum, and there is no evidence that at any time thereafter the defendant attempted or demanded that his wife be returned to the insane asylum.

No objection is made to any of the court's instructions. Attention is called to the fact that the court permitted evidence to be introduced to the effect that the defendant had inquired with reference to obtaining a divorce from his wife. However, this evidence was introduced without objection, as appears from the record, and, in any event, in our judgment, was proper under the pleadings as showing the intent of the defendant with reference to supporting and caring for his wife. If, at the time, the objection had been made to the form and character of the questions, the lower court undoubtedly would have sustained the same. No objection having been made, the defendant cannot object to same in this court.

In Labadie v. Henry, 132 Okla. 252, 270 P. 57, this court quoted with approval from 13 R. C. L. paragraph 240, where it is said:

"Necessaries are said to be those things suitable to the rank and condition of the husband, or, in other words, to the condition of the parties in life. The term is not confined to articles of food or clothing required to sustain life or preserve decency, but includes such articles of utility or probably of ornament as are suitable to maintain her according to the estate and degree or rank of her husband. Though it is recognized that it is undesirable to attempt to prescribe a universal rule or formula for the specific determination of this question in every case, in a general way, it may be said that whatever naturally and reasonably tends to relieve distress, or materially and in some essential particular to promote comfort, either of body or of mind, may be deemed to be a necessary, for which a wife, under proper circumstances, may pledge her husband's credit."

Section 1660, O. S. 1931, provides as follows:

"If the husband neglect to make adequate provision for the support of his wife, except in the cases mentioned in the next section, any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value thereof from the husband."

The evidence of the plaintiff shows that after the wife of the defendant was removed from the hospital, he stated that he "wouldn't spend another damn cent on her." This statement was made in a conversation where a sanatorium in Iowa and the costs thereof were discussed. The evidence was conflicting, and the finding of the jury in favor of the plaintiff will not be disturbed.

While it appears from the evidence in the case that the sisters of the unfortunate wife of the defendant may have acted somewhat without fully consulting the defendant, yet it appears that the defendant was perfectly willing for the sisters to look after his wife and keep her in a sanatorium, since he did not take any action or proffer any help in the expenses or otherwise during the long period of time his wife was in the sanatorium, and, as far as the record shows, was willing that someone else assist his wife to a mental recovery.

It is true that if the wife had remained in the hospital at Norman, he would probably have had much less expense than the verdict of the jury in this case required him to pay, but the evidence is clear that he knew that his wife was removed from that hospital by her sisters, and that he knew she was removed to a private sanatorium in Iowa, and, as far as the record shows, he made no attempt to either cause his wife to be returned to Norman or to be returned to the state of Oklahoma or to make any payment of the costs of her maintenance in the sanatorium.

Under the facts as shown by the record in this case, we are satisfied that the support and maintenance of this unfortunate woman was a proper charge against her husband, and that the verdict of the jury was just and proper.

From an examination and consideration of the entire record, and evidence in the case, it is clear that there is evidence in the record which reasonably supports the verdict of the jury, and the judgment based thereon should not be disturbed. For the reasons stated herein, the judgment of the trial court should be affirmed.

The Supreme Court acknowledges the aid of Attorneys Edward Howell, Leon S. Hirsh, and Thos. H. Owen in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Edward Howell and approved by Mr. Hirsh and Mr. Owen, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.