## ANDERSON v. NEIMAN-MARCUS CO.

No. 28852.   Oct. 10, 1939.

Potterf, Gray & Poindexter, of Ardmore, for plaintiff in error.

Champion, Champion & Fischl, of Ardmore, for defendant in error.

CORN, J. This is an action against a husband to recover for alleged necessaries furnished his wife. The verdict and judgment were for the plaintiff, and the defendant appealed. For convenience the parties are referred to herein as plaintiff and defendant, as they appeared in the trial court.

Mattie Anderson, wife of Charles Anderson, of Ardmore, Okla., opened a charge account with the plaintiff at Dallas, Tex. The account was opened in the name of Mrs. Charles Anderson, and numerous purchases of ladies' apparel and notions were made and charged to the account, the largest item being a fur coat at the price of $1,895. Mrs. Anderson purchased this item particularly against the advice and without the consent of her husband. According to her own testimony he admonished her not to buy the coat, as he was unable financially to pay for a coat of that price. She told him that she intended to pay for it out of her separate income. A few days after thus replenishing her personal wardrobe, she separated from her said husband and instituted an action for separate maintenance. After making certain payments on the account, she prevailed upon the plaintiff to undertake collection of the account from her husband, and the plaintiff brought this action against both Charles Anderson and Mattie Anderson for the balance of the account in the sum of $1,532.70. The suit was brought on the theory that the merchandise was charged to Charles Anderson and that the purchases were made with his consent, but when it developed that the evidence would not sustain the action upon that theory, the plaintiff abandoned the same and obtained permission of the court to amend its petition, changing the theory to that of a claim for necessaries furnished Mrs. Anderson, and dismissed the action as to her.

About the only conflict in the testimony was with regard to the financial standing of Charles Anderson. Mrs. Anderson rated his financial worth many times that of his actual worth as shown by record evidence. It was shown that his property holdings were valued at $50,000; that for several years he had suffered financial reverses and that his income had dwindled to where it was insufficient for living expenses, and that he had borrowed heavily for that purpose. On the other hand, it was shown that Mrs. Anderson had a separate estate valued at $325,000, and that her income for the current year was about $20,000.

Both parties cite the case of Labadie v. Henry, 132 Okla. 252, 270 P. 57, the syllabus of which is as follows:

"The husband must support himself and his wife out of his property or by his labor. The wife must support the husband, when he has not deserted her, out of her separate property when he has no separate property and he is unable from infirmity to support himself. (Section 6607, C. O. S. 1921) sec. 1653, O. S. 1931.

"If the husband neglects to make adequate provision for the support of his wife, any other person may, in good faith, supply her

with articles necessary for her support, and recover the reasonable value therefor from the husband. (Section 6614, C. O. S. 1921) sec. 1660, O. S. 1931.

" 'Necessaries' are those things suitable to the rank and condition of the husband. The term is not confined to articles of food or clothing required to sustain life or preserve decency, but includes such articles as are suitable to maintain the wife according to the *estate and degree or rank of her hus-- band*."

The standard by which the liability of a husband for the support of his family is determined is the rank and condition of the husband, or, to be more specific, by his financial circumstances; and other persons furnishing necessaries for the support of his family, in the absence of his promise to pay therefor, must act in good faith to come within the protection of the law. Sodowsky v. Sodowsky, 51 Okla. 689, 152 P. 390; Perry v. Myers, 127 Okla. 27, 259 P. 556; Schiefer v. Wilson, 171 Okla. 119, 42 P.2d 263.

There is no doubt from the evidence that the Andersons had maintained a high standard of living since their marriage some years ago, but Mrs. Anderson testified that she contributed a part of the expenses from her separate income. We think the jury, in determining the defendant's liability in this case, took into consideration the combined ability of the two to maintain such a standard, rather than that of the husband alone, for there is no evidence in the record to justify a finding that he was financially able to support her out of his separate income according to her taste, as manifested in this case.

It is obvious from the record that the plaintiff extended this credit upon the strength of her own financial responsibility, and in view of the testimony as a whole, the plaintiff cannot be credited with acting in good faith if it intended at the time to charge the defendant with these purchases, and particularly with the $1,895 fur coat.

This case comes clearly within the rule that where there is no evidence reasonably tending to support the verdict, the same will be set aside by this court. Other questions presented need not be considered where it is obvious that the plaintiff's claim cannot prevail. The judgment is reversed.

WELCH, V. C. J., and RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and GIBSON, J., absent.