STATE of Oklahoma, DEPARTMENT OF INSTITUTIONS, SOCIAL AND REHA-BILITATIVE SERVICES, Appellant,

v.

Watie BROWN and Nell Brown, Nell Brown, only appellee, Appellee.

No. 46925.

Supreme Court of Oklahoma.

Feb. 25, 1975.

Owen J. Watts and James E. Briscoe, Luther, for appellant.

Roy Frye, Jr., Sallisaw, for appellee.

BERRY, Justice:

Appellant brought action against Watie and Nell Brown, husband and wife, to recover disability payments made to Watie Brown. The trial court entered judgment against Watie Brown for $3,630, but entered judgment for Nell Brown. Appellant appeals from the judgment insofar as it denies appellant judgment against Nell Brown.

The evidence indicates Watie applied for assistance to the disabled in 1957. His application was approved and he commenced receiving monthly payments in June 1957.

Relevant statutory provisions have not changed since that time.

56 O.S.1971 § 164(e) provides for assistance to needy disabled persons who, among other things, do not have sufficient income or other resources to provide for themselves. Section 164(e)(6) provides eligibility shall be determined under rules and regulations promulgated by appellant.

56 O.S.1971 § 171 requires an applicant to list his real property, personal property and income on forms prescribed by appellant. It also imposes a duty upon the recipient to notify appellant if he becomes possessed of real property, personal property or money in excess of that stated in his application and in such amounts as would materially affect his right to assistance.

Section 171 further provides if a recipient conceals any resource, in his original application or thereafter, which would render him ineligible for assistance, such recipient shall be liable for the entire amount

of assistance paid during the period of ineligibility, and the Department may bring an action for such amount. The section further provides the judgment shall be lien upon all assets except the homestead and exempt personal property of recipient.

In his application Watie was required to list his assets and those of his spouse. At that time he was single.

In paragraph 8 of the application Watie agreed to notify appellant if at any time while receiving assistance he became possessed of any property or income other than stated in the application. The paragraph further stated the recipient understood any assistance received by him because of misrepresentation of facts, or withholding of information, constituted a debt for which restitution might be required.

There is no evidence Watie ever acquired sufficient assets to render him ineligible for assistance.

However, he married Nell on September 26, 1968.

The Department's regulations provide for an assumption that if a husband and wife are living together a resource available to one spouse will be available to the other. They also provide maximum resources a married couple may have and receive assistance is a cash reserve of $500 and home of value not exceeding $10,000.

Nell had accumulated considerable property during a prior marriage and at all relevant times her assets were in excess of those permitted by the regulations.

After the death of her first husband one of Nell's sons prepared a pre-nuptial agreement to be executed if she remarried. This agreement provided insofar as possible property owned by Nell prior to marriage would remain her separate property and neither party would participate in inheritance of property of the other unless otherwise agreed.

Nell and Watie executed this agreement prior to their marriage.

There is some conflict in the evidence concerning when appellant learned of the marriage and of Nell's assets.

Nell testified prior to marriage she discused the pre-nuptial agreement, and the effect marriage would have upon Watie's benefits, with one of appellant's caseworkers, L. D. Taylor. She testified she informed Taylor of the marriage in October 1968, approximately one month after it occurred.

Taylor's testimony indicates he knew Nell owned rental property prior to the marriage. He recalled the October 1968, conversation, but testified Nell Brown only inquired about rules applicable to situations where a man receiving assistance married, and did not mention names. He told her it would depend upon the wife's assets.

Appellant concedes it received copies of the marriage license and pre-nuptial agreement in July 1970. However, it did not terminate Watie's payments until September 1971, because its employees were uncertain of the effect of the agreement.

Annual reviews of Watie's eligibility were made in September of 1969 and 1970, and on each occasion payments were continued.

Nell never applied for assistance and the payments did not include amount for her needs.

Watie received $3,630 aid to the disabled subsequent to date of the marriage.

Appellant's theory in the trial court was to effect the pre-nuptial agreement was null and void, Nell's assets rendered Watie ineligible to receive benefits after the marriage, Watie failed to inform appellant of the marriage, and the Browns concealed ownership of property from appellant for the purpose of defrauding appellant, thereby receiving $3,630 to which they were not entitled. Its petition further alleged the sum was a debt due the State and the State was entitled to a lien upon assets of Watie and Nell Brown "to secure payment of said sums wrongfully, fraudulently and illegally received by said recipients as provided by * * * Section 171, Title 56 O.S.1971."

The trial court found appellant knew or should have known of the marriage and through mistake or error failed to discontinue the grant. It found Watie did not intend to violate the law, but received the grant through appellant's mistake. It further found Watie had been unjustly enriched and appellant should not be estopped from recovering from him because a grant under such circumstances is contrary to and violative of public policy and inconsistent with public morals.

The court found Nell showed the agreement to appellant's agent prior to the marriage, and that she did this for the purpose of inquiring about the effect the agreement would have on Watie's benefits because they were contemplating marriage.

It further found Nell informed appellant's caseworker of the marriage one month after it occurred, she never concealed property from appellant or executed a contract with appellant, she never received benefits from appellant, and she never practiced fraud upon appellant.

The court then held by reason of the pre-nuptial agreement, notice to appellant, and lack of misrepresentation or fraud on Nell's part, she was not liable for sums paid to Watie, and appellant was not entitled to a lien upon her property.

On appeal appellant does not challenge the trial court's findings of fact. Its sole contention is the trial court erred in refusing to strike the pre-nuptial agreement.

In this regard appellant cites 32 O.S.1971 § 3, which provides:

"The husband must support himself and his wife out of the community property or out of his separate property or by his labor. The wife must support the husband when he has not deserted her out of the community property or out of her separate property when he has no community or separate property and he is unable from infirmity to support himself."

It contends subsequent to the marriage Nell had a duty to support Watie out of her separate property because he had no community or separate property and was unable from infirmity to support himself. It then contends the pre-nuptial agreement is void insofar as it attempts to relieve Nell of this statutory duty.

This argument assumes the trial court upheld the agreement and that appellant may recover from Nell if the agreement is found to be void. We do not agree.

The trial court did not hold the agreement relieved Nell of any duty to support Watie. This is evident from the fact the court held Watie was ineligible to receive assistance subsequent to the marriage.

Therefore, the issue presented is whether, assuming Nell had a duty to support Watie after the marriage, appellant may recover from Nell for assistance paid by appellant to Watie after the marriage.

56 O.S.1971 § 171, supra, provides if a recipient conceals any resource which would render him ineligible, appellant may recover from the recipient amounts paid during the period of ineligibility.

■ The term recipient is defined as any person receiving assistance under the Act. 56 O.S.1971 § 161. Nell received no assistance under the Act and therefore was not a receipient.

■ Furthermore, assuming § 171 might be construed to allow recovery from a recipient's spouse who participates in concealment of assets, we note the trial court found Nell in no way concealed assets from the Department. In this respect the pre-nuptial agreement, and the court's finding Nell had shown it to appellant's caseworker prior to marriage, were relevant for purposes of establishing Nell had reason to believe Watie was entitled to receive benefits after the marriage.

We conclude § 171, supra, does not authorize appellant to recover from Nell Brown under these circumstances.

32 O.S.1971 § 3, supra, does impose a duty upon the wife to support the husband from her separate property when he has no community or separate property and is unable from infirmity to support himself.

32 O.S.1971 § 10, provides in part:

"If the husband neglect to make adequate provision for the support of his wife * * * any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value thereof from the husband."

In Labadie v. Henry, 132 Okl. 252, 270 P. 57, we construed §§ 3 and 10, supra, and stated:

" * * * the husband is only liable for articles 'necessary' for the support of the wife."

The duty imposed upon the wife by § 3, supra, is no greater than that imposed upon the husband by §§ 3 and 10, supra, i. e. the duty to furnish articles necessary for the husband's support.

In Perry v. Myers, 127 Okl. 27, 259 P. 556, we stated:

" * * * in order to recover the value of certain merchandise furnished the wife as necessaries * * * it was necessary to allege and show the husband had neglected to supply her with articles necessary for her support * * *."

 In the present case appellant has not contended Nell failed to furnish Watie with articles necessary for his support, or that money paid by appellant to Watie constituted, or was spent for, "articles necessary for his support."

We conclude 32 O.S.1971 §§ 3 and 10, do not authorize appellant to recover from Nell in these circumstances.

Appellant cites no other statutes which would entitle it to recover from Nell in these circumstances.

Therefore we conclude the applicable rule is set out in 70 C.J.S. Paupers § 62(a)(1) as follows:

"Aside from the common-law liability of the husband [here the wife] to reimburse public authorities for necessaries furnished by them to a wife or a similar liability of a parent for necessaries supplied to a minor child, it has been held that the public authorities have no right to reimbursement against relatives of an indigent person for support furnished such person in the absence of a statute conferring a right of reimbursement * * *"

The judgment of the trial court is affirmed.

All Justices concur.