Justin Brent SMITH, D.D.S., Appellee,

v.

Doris HERNANDEZ, Defendant,

v.

Alfanso HERNANDEZ,
Defendant/Appellant.

No. 72925.

Court of Appeals of Oklahoma,
Division No. 4.

June 26, 1990.

George Phillips, Tulsa, for appellee.

Mark O. Thurston, Tulsa, for defendant/appellant.

## OPINION

STUBBLEFIELD, Judge.

Doris Hernandez received dental treatment from plaintiff, Justin Smith, D.D.S. The amount due to the dentist for his services was $655. Having received no payment, the dentist commenced this action against both Doris and her husband Alfanso.

The parties agreed to allow the trial court to decide the matter on the basis of stipulated facts. The stipulation included the following additional facts:

(1) At the time Mrs. Hernandez received the dental treatment she was married to, and living with Mr. Hernandez;

(2) At the time Mrs. Hernandez received the dental treatment she was gainfully employed;

(3) Mr. Hernandez had never received any dental services from Plaintiff; and

(4) Mr. Hernandez never contracted to pay for any dental services rendered to his wife.

On the basis of these facts, the trial court found that Plaintiff was entitled to judgment against Mrs. Hernandez in the amount of $655. The trial court also found that the services rendered to Mrs. Hernandez by Plaintiff were "necessities" within the contemplation of 32 O.S.1981 § 10,[1] and that Mr. Hernandez, "being the husband of Doris Hernandez [was] obligated to pay for same." The trial court ordered that Plaintiff "have and recover judgment against the Defendant Doris Hernandez and the Defendant Alfanso Hernandez, jointly and severally for the sum of $655.00, an attorney fee of $65.00, the costs of [the] action, and interest as allowed by law." It is from this order that Alfanso Hernandez appeals. Doris Hernandez has not sought appellate relief from the judgment granted against her.

Mr. Hernandez frames the issue on appeal as whether section 10 creates an impermissible gender-based classification and is therefore unconstitutional under the Equal Protection Clause. U.S. Const. amend. XIV, § 1. The statute is declaratory of the common law doctrine of necessaries. Section 10, in pertinent part, provides:

> If the husband neglect to make adequate provision for the support of his wife ... any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value thereof from the husband.

We recognize that other courts have concluded that the common law rule concerning necessaries—which imposes liability upon husbands but not wives—is "an anachronism that no longer fits contemporary society," *Jersey Shore Medical Center–Fitkin Hospital v. Estate of Sidney Baum,* 84 N.J. 137, 417 A.2d 1003 (1980), is unconstitutional under federal and state constitutions, and is not substantially related to promoting state interest. *Schilling*

*v. Bedford County Memorial Hospital, Inc.,* 225 Va. 539, 303 S.E.2d 905 (1983). However, we do not address the constitutionality of section 10, because we find that application of the challenged statute was not supported by the evidence.

■ This court will not decide constitutional issues "in advance of strict necessity." *Smith v. Westinghouse Electric Corp.,* 732 P.2d 466, 467 n. 3 (Okla.1987). Because the legal relief sought by Mr. Hernandez is affordable upon alternative grounds, "consideration of constitutional infirmities is deemed precluded by a self-erected 'prudential bar' of restraint." *Id.* (citing *I.N.S. v. Chadha,* 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983); and *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936)).

■ In Oklahoma, a husband is not unconditionally liable for necessaries furnished his wife. In *Labadie v. Henry,* 132 Okla. 252, 253, 270 P. 57, 58 (1928), the supreme court stated that the statute regarding necessaries "does not create a liability against the husband for all goods or merchandise that might be purchased by the wife." The husband becomes liable *"only* when he neglects to make adequate provision for her support." *Id.* (Emphasis added.)

The courts of other states have held that a supplier of goods alleged to have been necessaries must prove, as an element of his case, that the husband did not in fact supply his wife with the necessities of life or the money to purchase them. This appears to be the majority rule. *See* Annotation, *Necessity, in Action Against Husband for Necessaries Furnished Wife, of Proving Husband's Failure to Provide Necessities,* 19 A.L.R.4th 432 (1983).

We note that in *Sodowsky v. Sodowsky,* 51 Okla. 689, 152 P. 390 (1915), the supreme court held that in order for a wife to recover the value of certain merchandise furnished to her as necessaries, in the absence of a promise of the husband to pay, it

---

**1.** Renumbered as § 209 of Title 43 by Laws 1989, c. 333, § 2, eff. Nov. 1, 1989.

was necessary to allege and show that the husband had neglected to supply her with the articles necessary for her support. In *Schiefer v. Wilson*, 171 Okla. 119, 42 P.2d 263 (1935), the supreme court found the evidence sufficient to sustain recovery from the husband for medical attention, transportation and clothing furnished to his wife. In that case, however, the plaintiff presented evidence showing that in a conversation where the costs of his wife's medical expenses were discussed, the husband made the statement that he " 'wouldn't spend another damn cent on her.' " *Id.* at 121, 42 P.2d at 264.

■ In the present matter, there is no evidence that Mr. Hernandez neglected or failed to "make adequate provision for the support of his wife" nor is there a showing of any need for him to provide the subject dental services for his wife. There is no evidence of any refusal to provide or of any request made for such provision. Moreover, the parties stipulated that Mr. Hernandez had not contracted to pay for the services rendered by Plaintiff, and there is no evidence or any circumstances indicating that Mrs. Hernandez attempted to act as her husband's agent or that she represented herself as pledging her husband's credit. *See Anderson v. Neiman–Marcus Co.*, 185 Okla. 568, 95 P.2d 584 (1939). The stipulation of facts indicates that Mrs. Hernandez was acting on her own behalf when she contracted for the dental services with Plaintiff.

In the absence of the required proof, the trial court's conclusion that Plaintiff was entitled to recover against Mr. Hernandez was erroneous. That portion of the order granting judgment against Alfanso Hernandez is accordingly reversed. The judgment in all other respects is affirmed.

BRIGHTMIRE, C.J., and MEANS, J. (sitting by designation), concur.