1998 OK CIV APP 175

**ACCOUNT SPECIALISTS AND CREDIT COLLECTIONS, INC.,**
Plaintiff/Appellee,

v.

George **JACKMAN, Jr.,** as Administrator of the Estate of **Margaret H. Porch Jackman,** a/k/a **Dee H. Porch Jackman,** formerly **Margaret H. Porch,** Deceased, and George J. **Jackman, Jr.,** Individually, Defendant/Appellant.

No. 90707.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 29, 1998.

Wm. Owen Garretson, Oklahoma City, Oklahoma, For Plaintiff/Appellee.

William T. Brett, Brett & Kaestner, Oklahoma City, Oklahoma, for Defendant/Appellant George J. Jackman, Jr., Individually.

## OPINION

BUETTNER, Presiding Judge.

¶ 1   Account Specialists and Credit Collections, Inc. (Creditor), holder of an account from Mercy Hospital, sued George J. Jackman, Jr., individually, to recover over $25,000 in medical expenses relating to Mrs. Jackman's last illness.  The trial court granted summary judgment in favor of Creditor against Mr. Jackman pursuant to 43 O.S.1991 § 209, which codified the common law "Doctrine of Necessaries."[1]  Because we find the law in question constitutionally infirm, we reverse the judgment.[2]

---

1. The trial court made a 12 O.S. Supp.1995 § 994(A) finding that there was no just reason for delay in rendering a final judgment.  The lawsuit against the Estate of Mrs. Jackman is still pending in the trial court.

2. Jackman filed a motion for new trial pursuant to 12 O.S.1991 § 991(b).  The motion did not explicitly raise the constitutionality of § 209,

## DOCTRINE OF NECESSARIES

¶ 2   The common law Doctrine of Necessaries permits a wife, cohabiting with her husband, to incur debt for her maintenance when the husband fails in his financial obligations to his wife.  "In the absence of express authority, the husband is not liable for the wife's obligations, except for necessaries.  The term 'necessaries' means all such things as are proper and requisite for the sustenance of man, and embraces food, clothing, medicine, and habitation, and to hold the husband these provisions must be consistent with his condition and estate." *Baker v. Witten,* 1 Okla. 160, 30 P. 491 (1892).  The husband's obligation was necessary because, at "common law, a married woman, by her coverture, enjoyed no individual rights pertaining to the property she may have owned before the marriage or acquired during the marriage.  The state of coverture was virtually a legal disability whereby a woman lost the capacity to contract, sue or be sued individually." *North Ottawa Community Hospital v. Kieft,* 457 Mich. 394, 578 N.W.2d 267, 269 (Mich.1998).

> The obligation of spousal support was traditionally imposed only on the husband because, under the common law, only a wife lost all her property rights and the capacity to contract, to sue or be sued in her own name upon marriage.  The unilateral—support requirement on the husband arose out of the automatic transfer of the wife's economic resources by operation of law, to the husband.  Marriage conferred upon the husband the enjoyment and control of the wife's property and earnings.

*Landmark Medical Center v. Gauthier,* 635 A.2d 1145, 1149–50 (R.I.1994).

¶ 3   It should be noted, however, that the Doctrine of Necessaries continued even after women had the right to own separate property, so that in *Sodowsky v. Sodowsky,* 51 Okla. 689, 152 P. 390 (1915), the Oklahoma Su-

---

which would ordinarily prevent Jackman from raising the issue on appeal.  However, because this is a matter of public policy, and the issue was addressed by both parties in their summary judgment filings, we will address the issue under the authority of *Barks v. Young,* 1977 OK 81, 564 P.2d 228, 229.

preme Court held that a wife could seek reimbursement from her husband when she spent her separate property on necessities. Thus, the duty of a husband to support his wife did not depend on the financial status of the wife.

¶ 4   Oklahoma is one of two states which has codified the common law doctrine.[3] Entitled "Husband bound for necessaries," 43 O.S.1991 § 209 states:

> If the husband neglects to make adequate provision for the support of his wife, except in the cases mentioned in the next section, any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value thereof from the husband.

¶ 5   The underpinning of the statute is reflected in *Trahern v. Mulkey*, 157 Okla. 297, 11 P.2d 942, 944 (Okla.1932):

> By the marriage ceremony, generally used, the husband agrees to take the woman for better or worse and care for her in sickness and in health.  Our statute (Comp.St.1921, § 6614) makes the duty obligatory, in the condition such as this woman was in, for the husband to furnish necessary medical attention, and his estate is made liable to furnish the medical attention absolutely necessary, that this evidence shows was furnished his wife.[4]

## EQUAL PROTECTION OF THE LAWS

■ ¶ 6   Section 1 of the 14th Amendment to the United States Constitution states in part:

> . . . nor shall any State deprive any person of life, liberty or property, without due process of law;  nor deny to any person

with its jurisdiction the *equal protection of the laws.*

Oklahoma recognizes the existence of an "equal protection clause," as a component of our due process clause.  *Fair School Finance Council of Oklahoma, Inc. v. State*, 1987 OK 114, 746 P.2d 1135 n. 48.  "Although the Oklahoma Constitution does not include an equal protection clause like that found in its federal counterpart, this court has identified a functional equivalent of that clause in the anti-discrimination component of our state constitution's due process section, Art. 2, § 7, Okl. Const. The terms of § 7 are: 'No person shall be deprived of life, liberty, or property, without due process of law.'" *Ross v. Peters*, 1993 OK 8, 846 P.2d 1107 n. 29.

■ ¶ 7   Sex-based classifications warrant heightened scrutiny.  *United States v. Virginia*, 518 U.S. 515, 555, 116 S.Ct. 2264, 2286, 135 L.Ed.2d 735 (1996).  In *J.E.B. v. Alabama*, 511 U.S. 127, 130, 114 S.Ct. 1419, 1422, 128 L.Ed.2d 89 (1994), the Supreme Court held that sex, like race, was an unconstitutional proxy for juror competence and impartiality, and stated:

> Today we reaffirm what, by now, should be axiomatic:  Intentional discrimination on the basis of gender by state actors violates the Equal Protection Clause, particularly where, as here, the discrimination serves to ratify and perpetuate invidious, archaic, and overbroad stereotypes about the relative abilities of men and women.

■ ¶ 8   The Doctrine of Necessaries discriminates on the basis of sex, and perpetuates "invidious, archaic, and overbroad stereotypes" about the relative status of men and women in a marriage.  Section 209 had its origins in the common law duty of the hus-

---

3.   Cf. KY ST § 404.040: The husband shall not be liable for any debt or responsibility of the wife contracted or incurred before or after marriage, except to the amount or value of the property he received from or by her by virtue of the marriage;  but he shall be liable for necessaries furnished to her after marriage.

4.   Absent our holding, *infra*, we would have no difficulty in finding that the medical treatment for Mrs. Jackman's last illness would be a necessity under the provisions of § 209.  *Id. Also see Jersey Shore Medical Center–Fitkin Hospital, v. Estate of Baum*, 84 N.J. 137, 417 A.2d 1003,

1005 (1980) ("There is no doubt that the cost of hospital and medical care qualifies as a necessary expense.");  *Trident Regional Medical Center v. Evans*, 317 S.C. 346, 454 S.E.2d 343, 344 (S.C.App.1995) ("Medical services are generally considered to be necessaries.").  Thus, unlike *Smith v. Hernandez*, 1990 OK CIV APP 54, 794 P.2d 772, which did not address the constitutionality of § 209 because of a lack of evidence that the dental services at issue there met the requirements of § 209, we address the constitutional argument.

band to support the wife, and the inability of married women to own property or incur debt. Times have changed. Women may contract and incur debt despite marital status.[5] Consequently, it cannot be shown that the state has an "exceedingly persuasive justification" for imposing a unilateral liability for debt incurred by a wife upon a husband. *United States v. Virginia,* 518 U.S. at 556, 116 S.Ct. 2264.

### ABROGATION OF THE LAW

¶ 9 The common law Doctrine of Necessaries has been the subject of recent judicial abrogation on equal protection grounds.[6] Some states have attempted to cure the constitutional infirmity by expanding the doctrine to include women; i.e., by applying the doctrine to both spouses equally.[7] However, in most cases where the doctrine was expanded, the courts were dealing with the common law doctrine as opposed to a statute. Such doctrines, created by the courts are also subject to modification by the courts. We are reluctant to expand the scope of a statute, which is constitutionally infirm on equal protection grounds, because such action calls for policy decisions which are the province of the legislature.

¶ 10 Alabama found the Doctrine of Necessaries void because it denied husbands equal protection of the laws. In declining to expand the doctrine, the Alabama court stated that "[t]his is a question that must be deferred to the legislature; the legislature can decide for the future whether the doc-

trine of necessaries shall be applied to both spouses or to neither spouse; however, in the present case, the doctrine applies to neither spouse." *Emanuel v. McGriff,* 596 So.2d 578, 580 (Ala.1992).

### CONCLUSION

¶ 11 Title 43 O.S.1991 § 209, the Doctrine of Necessaries, is abrogated because it violates the constitutional provision of equal protection of the laws. This case is remanded to the trial court with directions to enter its judgment in favor of Jackman, individually, because § 209 is unconstitutional.

**REVERSED AND REMANDED WITH DIRECTIONS.**

HANSEN, J., concurs.

ADAMS, J., concurring in result:

I would reverse the summary judgment and remand to the trial court because I believe there are fact questions concerning the application of § 209 of this case. Although I do not find myself in disagreement with the majority on the questions of the constitutionality of § 209, I would not reach that issue because it was not raised in the Motion for New Trial, and we have no record of the arguments made at the hearing on the Motion for New Trial.

---

**5.** See, e.g., 12 O.S.1961 § 224 (married woman may sue and be sued in same manner as if unmarried), and 15 O.S.1961 § 11 (all persons are capable of contracting except: minors, persons of unsound mind and persons deprived of civil rights).

**6.** See *Medical Center Hospital of Vermont v. Lorrain,* 675 A.2d 1326 (Vt.1996); *Connor v. Southwest Florida Regional Medical Center, Inc.,* 668 So.2d 175 (Fla.1995); *North Ottawa Community Hospital v. Kieft,* 457 Mich. 394, 578 N.W.2d 267 (Mich.1998); and cases in note 6.

**7.** See *Cheshire Medical Center v. Holbrook,* 140 N.H. 187, 663 A.2d 1344, 1347 (N.H.1995) (doctrine violates equal protection clause, expanded to apply to both spouses; medical provider must first seek payment from spouse receiving services); *St. Francis Regional Medical Center v.*

*Bowles,* 251 Kan. 334, 836 P.2d 1123 (Kan.1992) (as applied only to husband, doctrine violates equal protection clause; doctrine expanded to apply to husbands and wives equally; creditor must first pursue spouse receiving the goods or services); *Landmark Medical Center v. Gauthier,* 635 A.2d 1145 (R.I.1994) (in light of equal protection concerns, doctrine of necessaries expanded to impose mutual burden on both spouses); *Jersey Shore Medical Center—Fitkin Hospital v. Estate of Baum,* 84 N.J. 137, 417 A.2d 1003 (1980) (doctrine violates equal protection clause; expanded to apply to wives; creditor must first pursue spouse incurring the debt); *Cuyahoga County Hospitals v. Price,* 64 Ohio App.3d 410, 581 N.E.2d 1125 (Ohio App.1989)(imposing joint and several liability on spouses).